WILLIAM A. SUTHERLAND, Appellant, *vs.* JAMES C. LONG
*et al.* Appellees.

*Opinion filed April 20, 1916—Rehearing denied June 8, 1916.*

1. REDEMPTION—*rights of the holder of certificate of purchase pending redemption proceedings by a judgment creditor.* Pending redemption proceedings by a judgment creditor the holder of the certificate of purchase is not stripped of his rights and his interest in the premises, and his certificate of purchase is not extinguished until he actually accepts the redemption money or until valid redemption proceedings have finally culminated in a deed.

2. SAME—*what right is acquired by purchaser at a foreclosure sale.* The purchaser at a foreclosure sale acquires no interest in the title to the land, which during the entire redemption period remains in the mortgagor, but he acquires the right to receive the redemption money paid by the mortgagor if he redeems within twelve months, or by a judgment creditor if redemption is made after the twelve months and before fifteen months, or, in case no redemption is made within fifteen months, to receive a sheriff's deed.

3. SAME—*mortgagor's right to redeem terminates after twelve months.* The right of the mortgagor to redeem terminates with the expiration of twelve months from the date of the sale, and he no longer has any rights which he can exercise to prevent the purchaser at the sale from obtaining a deed, nor can he be heard to complain of subsequent transactions which do not affect him.

4. SAME—*rule where purchaser accepts money from one not entitled to redeem.* If, after the expiration of twelve months, the premises are redeemed by one who is not a judgment creditor, the acceptance of the redemption money by the holder of the certificate of purchase relieves the legal title of the mortgagor from the lien of the certificate of purchase, even though the person redeeming cannot enforce his claim by a re-sale of the land.

5. SAME—*effect of redemption by person entitled to redeem.* If, after twelve months, redemption is made by a judgment creditor who is entitled, under the statute, to redeem, the effect of the redemption is not to relieve the legal title from the burden created by the sale, but the effect is to transfer to the redeeming creditor all rights belonging to the original purchaser at the time the redemption is made.

6. SAME—*effect where certificate of purchase becomes void.* If there is no redemption from a foreclosure sale and the certificate of purchase becomes void by virtue of the Statute of Limitations

or otherwise, the mortgagor is then the absolute owner of the premises, not by any new title, but by the one he has always had.

7. SAME—*when the holder of certificate of purchase does not lose his rights.* Where the mortgagor makes no redemption within twelve months, and a judgment creditor, having a right to redeem, begins proceedings for redemption but the holder of the certificate of purchase offers to pay the judgment and allow the judgment creditor to withdraw his redemption money, which offer is accepted and the transaction carried out, the holder of the certificate of purchase does not lose his right to a sheriff's deed.

8. SAME—*what does not amount to an acceptance of redemption money.* The fact that the purchaser at a foreclosure sale, in carrying out his offer to pay the judgment of a creditor who has started redemption proceedings and deposited the redemption money with the sheriff, indorses a check for the amount of the redemption money drawn in his favor by the sheriff, which check is then returned to the sheriff and delivered by him to the judgment creditor together with the purchaser's check for the amount of the judgment, does not amount to an acceptance of the redemption money by the purchaser. (*Smith* v. *Jackson,* 153 Ill. 399, applied.)

DUNN, J., dissenting.

APPEAL from the Circuit Court of Knox county; the Hon. GEORGE W. THOMPSON, Judge, presiding.

R. D. ROBINSON, and MORELAND & MORELAND, for appellant.

M. J. DAUGHERTY, and ROY M. MARSH, for appellee Mary E. McMullen.

Mr. JUSTICE COOKE delivered the opinion of the court:

David J. McMullen owned lots 1 and 2, in block 105, in the Second Southern addition to the city of Galesburg. He and his wife mortgaged these premises, and having defaulted in the payment of the debt the mortgage was foreclosed. At the foreclosure sale, on September 9, 1911, William A. Sutherland, appellant, a stranger to the mortgage, purchased the property for the sum of $1900 and received a certificate of purchase from the master in chancery. Mc-

Mullen did not redeem within the year allowed by the stat-
ute. In the meantime appellant had redeemed the property
from two tax sales,—one for the general taxes and another
for a special assessment,—and had paid the general taxes
for two years and two special assessments. The receipts
for these payments were not deposited with the master or
sheriff. Prior to the foreclosure of the mortgage the Can-
ton Coal Company had secured a judgment against Mc-
Mullen for the sum of $312.89, which judgment had been
assigned to John Scripps. After the expiration of twelve
months from the date of the foreclosure sale Scripps paid
to the sheriff of Knox county the amount necessary to re-
deem, sued out an execution on his judgment and the prop-
erty was advertised for sale. The sheriff also filed a cer-
tificate of redemption with the recorder. On the day set
for the sale under the Scripps execution appellant came to
the office of the sheriff and in the presence of the attorney
for Scripps informed the deputy in charge that he wanted
to pay off the Canton Coal Company's judgment—that he
wanted to redeem from that judgment. It is apparent that
the purpose of appellant was to satisfy the Canton Coal
Company's judgment and thus remove that judgment as a
basis for redemption from the sale at which he had pur-
chased the premises. The Scripps redemption money had
not been paid to appellant. It had been retained by the
sheriff and was then in his possession. Acting upon the
advice of the deputy sheriff as to the proper method to ac-
complish his purpose, appellant thereupon gave to the sher-
iff his check for the amount of the Canton Coal Company's
judgment, interest and costs. At the same time the sher-
iff executed his check, payable to appellant, for the amount
of the redemption money which had been paid by Scripps.
This check was handed to appellant, with the direction that
he indorse his name on the back. This he did, and the check
executed by the sheriff and the one executed by the appel-
lant were then delivered by the sheriff to the attorney for

Scripps. The sheriff thereupon executed a receipt to appellant for the sum of $2425.66, which recited that it was in full of the redemption money and interest and of the Canton Coal Company's judgment, interest and costs. The sheriff also released the levy and returned the execution fully satisfied, stating in the return thereon that he had received from appellant the full amount of the redemption money and interest, and judgment, interest and costs, making a total of $2425.66. Scripps thereafter executed and delivered to appellant a written assignment of the Canton Coal Company's judgment. After the expiration of the full period for redemption appellant presented his certificate of purchase to the master in chancery and demanded a deed. .The master refused to issue a deed upon the ground that the record disclosed that a redemption had been had from the sale to appellant and that his certificate of purchase was therefore void. Appellant thereupon filed this bill in the circuit court of Knox county, making the master in chancery and various others, as well as McMullen and his wife, defendants, to require McMullen to re-pay him the money expended for the certificate of purchase and the Canton Coal Company's judgment and for taxes, or to require the master in chancery to execute and deliver to him a master's deed to the premises in question. During the pendency of the suit the property, which had remained in the possession of McMullen, was condemned as a part of the right of way of the Rock Island Southern Railroad Company, and the value of the property was fixed in the condemnation proceeding at the sum of $3500. The order of the court provided that this amount, when paid, should be paid to the treasurer of Knox county, to be held by him in lieu of the premises pending the event of this suit. The money was so paid to the county treasurer, and a supplemental bill was filed praying that the money be decreed to be the property of appellant or that appellant be reimbursed for the amounts .expended by him. Upon the hearing a decree was entered

dismissing the bill for want of equity, and this appeal has been perfected from that decree. Before the entry of the decree David J. McMullen died testate, devising all his property to his wife, Mary E. McMullen, who is the principal appellee here and the only one to file a brief.

The facts as above detailed stand uncontradicted in the record, as the cause was submitted upon the evidence offered on the part of appellant.

The position of appellee is, that at the moment Scripps paid the redemption money to the sheriff the redemption was complete, the certificate of purchase became of no effect and appellant had no further interest of any kind in the premises; that appellant, then a stranger to the transaction and not realizing the effect of his action, through ignorance of the law voluntarily paid off the indebtedness, leaving the title in McMullen free of all incumbrances, and that equity will not relieve from the effects of a mistake of law. Appellant contends that a valid redemption was not made, but that, even if it be held that the redemption was complete before he paid off the Canton Coal Company's judgment, equity will afford relief and will at least require the re-payment of the amounts he has expended. If, as appellee contends, McMullen, although he had failed to redeem and had lost all interest in the property except the right to have it pay as much of his indebtedness as possible, and as the holder of the naked title pending the making of a deed by the master or sheriff, could reap the full benefit of this transaction and retain the property freed of all incumbrances without having himself paid a cent of his indebtedness, then, indeed, the result would be to work a great injustice to appellant and to give an unconscionable advantage to McMullen. Such a result would not be tolerated in a court of conscience unless made inevitable by settled and unalterable rules of law.

It is unnecessary to determine whether appellant is entitled to general equitable relief, as we are of the opinion

the master's certificate of purchase was not extinguished by the attempted redemption, and appellant was therefore entitled to a deed at the expiration of fifteen months from the date of the sale. Pending redemption proceedings by a judgment creditor the holder of the certificate of purchase is not stripped of his rights and his interest in the premises, and his certificate of purchase is not extinguished until he actually accepts the redemption money or until valid redemption proceedings have finally culminated in a deed. The following well settled principles deduced from our redemption laws afford a basis for the settlement of the differences between the parties:

By his purchase at the foreclosure sale appellant acquired no interest in the title to the land. The title during the entire period of redemption remained in McMullen. Appellant did, however, by his purchase at the foreclosure sale acquire the alternative right either to receive the redemption money which might be paid to the master by McMullen should he redeem within twelve months or which might be paid to the sheriff by any of McMullen's judgment creditors after the expiration of the twelve months and before the expiration of fifteen months, or, in case no such redemption should be made within fifteen months, then to a sheriff's deed. *Phillips* v. *Demoss,* 14 Ill. 410; *Strauss* v. *Tuckhorn,* 200 id. 75; *Zeman* v. *Ward,* 260 id. 93; *Twyman* v. *Baldwin,* 261 id. 67.

The right of McMullen to redeem from the foreclosure sale terminated with the expiration of the twelve months. He no longer had any rights in the premises which he could exercise to prevent appellant from obtaining a deed to the premises, and he cannot be heard to complain of that which could by no possibility affect him. *Fitch* v. *Wetherbee,* 110 Ill. 475; *Bozarth* v. *Largent,* 128 id. 95; *Smith* v. *Mace,* 137 id. 68.

If, after the expiration of the twelve months, the premises are redeemed by one not a judgment creditor, the ac-

ceptance of the redemption money by the holder of the certificate of purchase relieves the legal title of the debtor from the lien of the certificate of purchase, even though the one redeeming cannot enforce his claim by a re-sale of the land. (*Borders* v. *Murphy*, 78 Ill. 81; *Clingman* v. *Hopkie*, id. 152; *Meyer* v. *Mintonye*, 106 id. 414; *Schroeder* v. *Bozarth*, 224 id. 310; *Sledge* v. *Dobbs*, 254 id. 130.) If, however, redemption is made by such a judgment creditor as is, under the statute, entitled to redeem, the effect of the redemption is not to relieve the legal title from the burden created by the sale in order to subject the property, unincumbered of such burden, to a re-sale under the execution of the redeeming creditor, but the effect of such redemption is to transfer to the redeeming creditor all rights belonging to the original purchaser at the time such redemption is made. (*Herdman* v. *Cooper*, 138 Ill. 583; *Oldfield* v. *Eulert*, 148 id. 614.) Likewise, if there is no redemption and the certificate of purchase becomes void by virtue of the Statute of Limitations or otherwise, the mortgagor is then the absolute owner of the premises,—not by any new title, but by the title which he always had. *Lightcap* v. *Bradley*, 186 Ill. 510; *Schroeder* v. *Bozarth, supra.*

Scripps had a valid judgment against McMullen and had a right to redeem. If the redemption had proceeded to a sale, all the interest of appellant would have been transferred to the purchaser at that sale and appellant would have been entitled only to the redemption money. It would avail him nothing to then refuse to accept it. If appellant had actually accepted the redemption money, all his interests would have been extinguished immediately, whether Scripps had the right to redeem or not. Neither of these events happened. On the contrary, appellant offered to pay the judgment held by Scripps and to allow him to withdraw the redemption money he had posted with the sheriff. To this Scripps and the sheriff agreed, and the matter of the attempted redemption was settled on those terms and the re-

demption money was withdrawn. By thus contracting with Scripps appellant did not forfeit any of his rights. His certificate of purchase, and consequently his interest in the premises, had not yet been extinguished, and when the redemption proceedings were thus terminated appellant was left in the same position he had occupied before Scripps at-tempted to redeem. McMullen was in nowise prejudiced by this transaction. He had no rights which he could exercise to prevent appellant or a redeeming creditor from obtaining a deed. The only interest he had was to have his property pay the greatest possible proportion of his indebtedness. The transaction between appellant and Scripps did not mili-tate against that interest. The Canton Coal Company's judgment was paid, and succeeding judgment creditors, if any, would be enabled to redeem from the sale to appellant, only, without advancing the amount of the Canton Coal Company's judgment. The result was, in fact, beneficial to McMullen.

The action of appellant in indorsing the check of the sheriff for the redemption money did not amount to an ac-ceptance of that money. Appellant had no intention of ac-cepting the money. His only desire was to pay the coal company's judgment, and he followed the advice of the dep-uty sheriff in indorsing the check as a necessary part of the transaction. Equity will look to the substance of the transaction rather than the form. Appellant merely con-sented that the sheriff should re-pay Scripps the amount he had advanced, and directed him to do so.

In *Smith* v. *Jackson,* 153 Ill. 399, the property had been sold at mortgage sale, and the executor of Page, a deceased judgment creditor, attempted to redeem under a void exe-cution. Smith, the holder of the certificate of purchase, paid the sheriff the amount of the judgment and costs and the sheriff returned the redemption money to Page's execu-tor. It was there contended that Smith accepted the re-demption money, because, after the redemption was made,

the execution could not be satisfied without paying the judgment and costs plus the redemption money, and that as Smith undertook to pay off the execution, the return of the redemption money was really a payment in his interest and he should be charged with having received it. It was held that the judgment upon which the execution was attempted to be issued was a lien, and Smith was entitled to pay that lien off in aid of his title under the certificate of purchase, and as the execution was void and neither it nor the redemption money constituted any lien on the land, it was not necessary to re-pay the redemption money. While the holding in that case is based upon the fact that the execution was void, we perceive no difference, in principle, between that case and this. Before Scripps attempted to redeem, appellant had the right, in aid of his interest, to pay off the lien of the coal company's judgment. There is no reason why he should not be permitted to do so, with Scripps' consent, after the redemption proceedings had been instituted and before they had culminated in a sale.

The sheriff's return on the execution showed that appellant had paid the Canton Coal Company's judgment and that Scripps had withdrawn his redemption money. There was no sale under the execution but it was returned satisfied. Under these circumstances the master should have made appellant a deed.

The decree is reversed and the cause remanded, with directions to enter a decree awarding to appellant the proceeds from the condemnation of the property, now in the hands of the county treasurer.

*Reversed and remanded, with directions.*

Mr. JUSTICE DUNN, dissenting.