(No. 11798.—Decree affirmed.)

F. M. McGOWAN, Appellant, *vs.* PHILIP H. GOLDBERG *et al.* Appellees.

*Opinion filed December 19, 1917.*

1. MORTGAGES—*a judgment creditor who has posted redemption money cannot be divested of right to redeem except by consent.* A judgment creditor who has levied on property which has been sold at a foreclosure sale and has not been redeemed, and who has paid to the sheriff the amount of the redemption money, cannot be divested of his right to redeem, without his consent, by a tender of the amount of the judgment and costs by the holder of the certificate of purchase at the foreclosure sale. (*Sutherland* v. *Long,* 273 Ill. 309, distinguished.)

2. JUDICIAL SALES—*irregularity cannot affect validity of sale unless purchaser had notice.* Under section 15 of the act in regard to judgments and decrees neither a sale without proper notice nor any irregularity on the part of the sheriff or other officer having the execution will be deemed to affect the validity of the sale unless it shall be made to appear that the purchaser had notice of such irregularity.

Appeal from the Circuit Court of Sangamon county; the Hon. E. S. SMITH, Judge, presiding.

Roy M. SEELEY, and CLAYTON J. BARBER, for appellant.

John G. Friedmeyer, for appellees.

Mr. Justice Cooke delivered the opinion of the court:

F. M. McGowan, appellant, filed a bill in the circuit court of Sangamon county to require the master in chancery to issue to him a deed to certain real estate in the city of Springfield pursuant to a certificate of purchase given at a master's foreclosure sale and to have removed as a cloud upon his title certain redemption proceedings in favor of Philip H. Goldberg, a judgment creditor and one of the appellees. The cause was referred to the master to take the evidence and report the same without his conclusions. The chancellor found the issues against appellant and entered a decree dismissing his bill for want of equity, from which decree appellant has prosecuted this appeal.

It appears that pursuant to a decree of foreclosure the master in chancery of Sangamon county, on May 31, 1915, sold the premises in question to appellant for $10,072.65 and issued to him a certificate of purchase. The mortgagor did not redeem from this sale. On August 8, 1916, Philip H. Goldberg recovered a judgment in the circuit court of Cook county against the mortgagor, and on August 9, 1916, filed a transcript of the same in the office of the clerk of the circuit court of Sangamon county and had execution issued thereon and delivered to the sheriff to serve. Under the directions of Goldberg the sheriff noted on the back of the execution a levy upon the property in question. Between that time and August 16 the amount necessary to redeem was computed and paid to the sheriff by Goldberg. On August 16, and after the sheriff had accepted the redemption money, appellant, through his attorneys, offered to pay the amount of Goldberg's judgment and costs, which he refused to accept. The property was again advertised for sale and was sold by the sheriff to Lewis H. Coleman.

Appellant contends that as the holder of the certificate of purchase he had the right to pay off the Goldberg judg-

ment and thus prevent redemption by him, and in this contention he relies principally upon *Sutherland* v. *Long,* 273 Ill. 309. In that case Sutherland was the purchaser at a foreclosure sale. Scripps, a judgment creditor, sued out an execution, levied upon the property and posted the redemption money with the sheriff. On the day of the sale, with the consent of Scripps and the sheriff, Sutherland paid Scripps the amount of his judgment, with interest and costs, and the sheriff returned to him the redemption money. We held that before Scripps attempted to redeem, Sutherland had the right, in aid of his interest, to pay off the lien of the judgment, and that there was no reason why he should not be permitted to do so, with Scripps' consent, after the redemption proceedings had been instituted and before they had culminated in a sale. Had the appellant here tendered Goldberg the amount of his judgment, interest and costs before he had posted the redemption money with the sheriff the rule stated in *Sutherland* v. *Long, supra,* would apply. The right to pay off the lien of the judgment in aid of his interest no longer existed after Goldberg had posted the redemption money with the sheriff, and appellant could then only extinguish the lien with the consent of Goldberg, as was done in the *Sutherland case.* The reason for this is, that section 21 of the act in regard to judgments and decrees provides that a creditor having redeemed in the manner pointed out in the preceding sections shall be considered as having bid at the sale the amount of the redemption money paid by him, with interest thereon at the rate of six per cent per annum from date of such redemption to the date of sale, with the costs of such redemption and sale, and if no greater amount is bid at the sale the premises shall be struck off to the person making the redemption. Until the redemption money had been posted Goldberg acquired no other right as a judgment creditor than to demand that his judgment, interest and costs should be paid. Having posted the redemption money, and thus made a bind-

ing bid for the property when it should be sold, he acquired a right of which he could not be divested except with his consent. The chancellor properly held that appellant could not compel Goldberg to receive the amount of his judgment, interest and costs after he had posted the redemption money.

It is contended on the part of appellant that the proof discloses that the redemption money had not yet been posted with the sheriff when the appellant offered to Goldberg the amount of his judgment, interest and costs. This offer was made on August 16 in the sheriff's office at the court house. Two attorneys who represented appellant, the attorney for Goldberg and the chief deputy sheriff were present on that occasion. Appellant's attorneys, who do not represent him in this litigation, testified that the offer to pay was made before the redemption money had been posted. They do not state when the redemption money was posted or what knowledge they had of that transaction. The chief deputy sheriff testified positively that the money had been posted prior to that time and was in his possession before the offer was made. In this he is corroborated by the attorney for Goldberg, and we think the chancellor was warranted in concluding that the offer was made after the redemption money had been posted.

The sheriff's sale was not held on the day for which it was originally advertised. For some reason it was postponed to a later date. Appellant contends that proper notice of the postponement was not given. Section 15 of the act in regard to judgments and decrees provides that neither a sale without proper notice nor any irregularity on the part of the sheriff or other officer having the execution will be deemed to affect the validity of the sale unless it shall be made to appear that the purchaser had notice thereof. In *Osgood* v. *Blackmore,* 59 Ill. 261, under a similar statute we held that where a sheriff sells lands under execution on defective or insufficient notice the sale is not void, or even voidable, unless the purchaser has notice of the irregularity.

In this case there is no showing whatever that the purchaser, who was not made a party to the suit, had any notice of the character of the advertisement.

The decree of the circuit court is affirmed.

*Decree affirmed.*