## No. 9554.

## BAILEY v. ERNY.

1. EXECUTION SALE—*Redemption.* The entire property owned by different co-tenants must be redeemed.

2. ——*Effect.* The title remains in the debtor, until the execution of the conveyance pursuant to the sale.

The first purchaser cannot defeat the right of a second judgment creditor to redeem, by payment of the second judgment.

*Error to Denver District Court, Hon. Clarence J. Morley, Judge.*

Mr. HENRY HOWARD, JR. and Mr. CHARLES H. REDMOND, for plaintiff in error.

Messrs. ROGERS, ELLIS. & JOHNSON and PIERPONT FULLER, for defendant in error.

Mr. Justice Teller delivered the opinion of the court.

THE facts necessary to be considered in this case are as follows:

The Germain Investment Company foreclosed a trust deed on certain real estate of which one Cornish and one Scherrer each owned a half interest, said company becoming the purchaser at the foreclosure sale. After the time for redemption by the debtors had expired, the defendant in error, having a judgment against said Cornish, sued out an execution and placed it in the hands of the plaintiff in error, he being *ex officio* sheriff of the City and County of Denver, for the purpose of redeeming the property sold on foreclosure. Shortly thereafter he tendered to the sheriff the amount required for such redemption, but it was refused on the ground that The Germain Investment Company had, that day, deposited with him a sum of money sufficient to satisfy Erny's judgment. Said sum was thereupon tendered to Erny, and refused by him.

Plaintiff in error argues two questions in this case. It is first contended that Erny, as a judgment creditor, could

redeem only from the sale of the Cornish half interest in the land. We are unable to see, however, that this question concerns plaintiff in error or The Germain Investment Company, the real party here in interest. It may be said, however, that the general rule is that a party must redeem the entire property where it is owned by different persons because a purchaser is not required to accept a partial redemption. Freeman on Executions, sec. 312; Jones on Mortgages, sec. 1063.

It is further contended that Erny was entitled to nothing more than his judgment, and that when the holder of the certificate of purchase tendered him an amount sufficient to pay his judgment and costs, his right of redemption was thereby extinguished. Upon this point it is said that plaintiff in error, the holder of the certificate of purchase, has the right to pay a subsequent judgment creditor, for the purpose of protecting its interest in the property for which it holds such certificate.

To support this contention counsel rely upon *Sutherland v. Long*, 273 Ill. 309, 112 N. E. 620 and *McGowan v. Goldberg*, 281 Ill. 547, 117 N. E. 1045. In the first case cited the judgment creditor, who had started to redeem, consented to receive payment of his debt from the holder of the certificate of purchase. That case, therefore, is not authority here.

In the second case, the appellant, holder of a certificate of purchase, sought to compel the issue to him of a deed upon payment of the judgment held by Goldberg upon which Goldberg had posted redemption money with the sheriff. The court held that McGowan had no right to the deed because the money posted by Goldberg was, under the statutes of Illinois, a binding bid at the coming sale to the extent of the redemption money posted by him. The quotations made from the opinion by counsel to support their contention are merely *dicta*. The writer of the opinion stated, it is true, that had Goldberg not already posted the money, McGowan's right to pay off the judgment would have been plain. This was no part of the decision, and

not required by the facts. No one can say what the other judges of the court would have held upon the state of facts here presented. This *dictum* is the more peculiar because it ignores well settled rules of law in Illinois. Beginning with the case of *Phillips v. Demoss,* 14 Ill. 410, the supreme court of that state has, through a number of decisions, held that the holder of a certificate of purchase on an execution sale, acquired by the purchase no title to the land, either legal or equitable, but merely the alternative right to receive the redemption money, in case of a redemption, or a deed for the land after the time for redemption had expired. That is to say, the holder of the certificate had no such interest in the property as would entitle him to pay off a subsequent judgment without the consent of the judgment creditor.

In *Phillips v. Demoss, supra,* the court, by Judge Caton, speaking of the purchaser at an execution sale, said: "When he purchased, knowing that he must either get his purchase money back again, with ten per cent upon it, within fifteen months, or get the land, he was aware that others, and not himself, had the right to say which he should take. This was the alternative character of his investment.  *  *  *  The statute holds out no inducements for a speculation at a sheriff's sale beyond ten per cent for the use of the purchase money, and the purchaser can set up no equitable claim beyond that, where the redemption is made according to the provisions of the statute."

The contention of counsel that the Investment Company had such an interest in the property as to entitle it to pay off the judgment without the consent of the judgment creditor, is not sustained, even by the authorities cited on that point. In this state the title remains in the judgment debtor until a deed is made according to the terms of the law, that is, after the time for redemption has expired. *Manning v. Strehlow,* 11 Colo. 457, 18 Pac. 625. And that is the rule in other jurisdictions. *Turner v. Sawyer,* 150 U. S. 578, 37 L. Ed. 1189, 14 Sup. Ct. 192. A purchaser's interest is not subject to levy and sale prior to the expira-

tion of the period for redemption. *Bowman v. People,* 82 Ill. 246, 25 Am. Rep. 316.

The right of redemption is given by statute, and the holder of a certificate of purchase has, in our opinion, no right to prevent a judgment creditor from exercising his right of redemption if exercised within the statutory period. The Germain Investment Company had no right to preserve its status as a potential owner of the land as against the undoubted right of Erny to redeem. As stated in the quotation from Judge Caton, the redemption law is not intended to induce speculation upon the part of the execution purchasers. The defendant in error, having this right, was entitled to determine for himself whether he would accept payment of his judgment, or redeem the property.

There is no error in the judgment and it is accordingly affirmed.

*Affirmed.*

Chief Justice Garrigues and Mr. Justice Burke concur.