Albert H. Peterson et al., Appellees, v. Frank Grisell, Sheriff of Bureau County et al., Appellants.

Gen. No. 10,099.

588

Opinion filed March 5, 1947.
Released for publication March 24, 1947.

Josef T. Skinner, of Princeton, for appellants.

No appearance for appellees.

Mr. Justice Bristow delivered the opinion of the court.

This is an appeal from an order of the circuit court of Bureau county denying defendant's motion to dismiss a complaint for an injunction filed by the plaintiffs to restrain defendants from redeeming property held by plaintiffs under a master's certificate of sale.

The operative facts appearing solely from the complaint as amended and from the motion to dismiss the complaint are not in dispute. Plaintiffs Albert H. Peterson, Lester R. Peterson, and Glenn H. Seidel were the purchasers of certain disputed real estate at a foreclosure sale held on February 16, 1945, by a master in chancery pursuant to a decree of the court. Deficiency judgments were entered in that proceeding for the amount remaining due after the sale of said real estate to the former owners of the mortgage notes, including the defendants Homer Johnson, Frank Johnson and Alice Johnson Foushee, executors of the last will of William H. Johnson, deceased.

On February 15, 1946, one day prior to the expiration of 12 months from the date of the master's sale, plaintiffs tendered in open court full payment of the balance due on all of the deficiency judgments, including that owned by the aforementioned executors, and the court entered an order finding the tender in full satisfaction of the judgments. The defendant executors, and Frank Walker and Beckham A. Dye, each

of whom had been assigned a one third interest in said judgment, refused to accept such tender, and on February 19, 1946, they proceeded to redeem the property as unpaid judgment creditors under the provisions of par. 20, ch. 77, Ill. Rev. Stat. 1945 [Jones Ill. Stats. Ann. 107.171].

Plaintiffs refused to accept the redemption money and filed the complaint herein for an injunction to restrain the sheriff from advertising or offering said real estate for sale under defendant's execution, and to restrain the judgment holders from continuing with redemption proceedings.

Plaintiffs contend in their complaint that as purchasers at the master's sale, they acquired an interest in the premises to entitle them to pay existing judgments and thereby prevent redemption by creditors; and, having tendered full payment to the defendants prior to the expiration of the 12 months after the sale, the defendants are not entitled to invoke the redemption laws.

The parties stipulated for the issuance of a temporary injunction which was ordered by the court. Plaintiffs, thereupon, amended their complaint to include further details respecting the payment of the deficiency judgments, and defendants filed their motion to dismiss the complaint and prayed therein for a dissolution of the temporary injunction.

In their motion, defendants Homer Johnson, Frank Johnson and Alice Johnson Foushee, and Forrest Walker and Beckham A. Dye, admitted the material facts of the foreclosure sale, the purchase of the property by the plaintiffs, and the plaintiffs' tender of payment of the deficiency judgment prior to the expiration of the 12 months. They argued, however, that plaintiffs' tender of payment could not bar defendants' right to redeem the property after the expiration of 12 months, and until the end of the 15th month following the master's sale, as provided by the statute. Defendants insisted further, in said motion, that the

only rights which plaintiffs had, as owners and holders of the certificate of purchase, were either to receive the redemption money, or receive a master's deed in the event no redemption was made at the end of the 15 months.

The circuit court denied defendants' motion to dismiss the complaint, and from that order defendants appeal to this court.

There are essentially two legal questions presented by this appeal: The first is whether the order of the circuit court of Bureau county was an appealable order; and, in the event that issue is determined affirmatively, the next inquiry is whether judgment creditors of a mortgagor can refuse to accept payment of their judgment tendered by the purchasers at the master's sale, prior to the time when creditors would be permitted to redeem under the statute, and thereafter proceed to redeem the property as unpaid creditors.

■ ■ For this Appellate Court to properly entertain an appeal, there must be presented to it a final appealable order entered by the court below. It has been repeatedly held that an order overruling or sustaining a motion to dismiss a bill of complaint, without further action by the court, is not appealable. *American Radiator & Sanitary Corp. v. Wilhelmi*, 308 Ill. App. 316; *Smith v. Dellitt*, 244 Ill. 75.

Under sec. 78 of the Civil Practice Act (par. 202, ch. 110, Ill. Rev. Stat. 1945 [Jones Ill. Stats. Ann. 104.078]) however, it is provided that appeals may be taken from certain interlocutory orders. The statute provides in substance:

"Whenever an interlocutory order or decree is entered granting an injunction or overruling a motion to dissolve the same, or enlarging the scope of an injunction order, an appeal may be taken therefrom to the Appellate Court."

■ In *Wineland ex rel. Abeln v. M. Huber, Inc.*, 275 Ill. App. 264, the court stated at p. 275, "By virtue of the latter section (sec. 78 of the Civil Practice

Act) the law now is that appeals lie from interlocutory orders refusing to dissolve injunctions, whereas they did not formerly.''

In *Naprawa v. Chicago Flat Janitors' Union, Local No. 1*, 382 Ill. 124, the Supreme Court of Illinois held that an order for an injunction ''until further order of the court,'' although not a final order or decree, was appealable to the Appellate Court under sec. 78 of the Civil Practice Act, but that such order could not be reviewed thereafter by the Supreme Court inasmuch as that section of the statute prohibited further appeals.

In the instant case the circuit court entered the temporary injunction pursuant to a stipulation between the parties. Defendants thereafter moved to dismiss plaintiffs' complaint for an injunction, and in said motion, defendants prayed for a dissolution of the temporary injunction.

Although the order of the court denying defendants' motion to dismiss the complaint does not specifically refer to, or deny defendants' prayer to dissolve the temporary injunction, it is apparent that by categorically denying the entire motion to dismiss, the court denied all requests for relief specified therein. The order of the court, therefore, in effect, denied the dissolution of the temporary injunction and properly comes within the purview of sec. 78 of the Civil Practice Act, which authorizes appeals from such interlocutory orders to the Appellate Court.

In the interest of the prompt termination of litigation, furthermore, this appeal should properly lie. The basis of the requirement that there must be a final order by the court below before an appeal can be entertained, is that litigation should not, and cannot, be considered piecemeal. In the instant case, however, there is no dispute of the facts for which a trial should be held, nor any other legal question to be determined, if the case were to be remanded, other than that al-

ready passed upon by the circuit court in denying defendants' motion to dismiss the complaint.

The attention of this court is, therefore, directed to whether the circuit court erred in concluding that plaintiffs, as purchasers at the master's sale, were entitled to injunctive relief to restrain defendants from redeeming the property as unpaid judgment creditors, on the ground that plaintiffs had tendered defendants full payment of their deficiency judgments prior to the date on which judgment creditors would be entitled to redeem under the statute.

Paragraph 20, ch. 77, Ill. Rev. Stats. 1945 [Jones Ill. Stats. Ann. 107.171] provides in substance that where no other redemption has been made, judgment creditors may, after the expiration of 12 months, and within 15 months after a sale under a decree of foreclosure on a mortgage, redeem the premises. The statute further specifies the procedure for such redemption by "such creditors so entitled to redeem."

The redemption rights provided by this statutory provision can be invoked only after 12 months following a master's sale, and then only by the holder of a valid unpaid judgment.

Prior to the expiration of the 12 months the judgment holders have no interest in the land, and their only right is to demand payment of their judgment or find some other property of the debtor from which to collect.

With reference to the right of judgment creditors under the redemption statute, the Illinois Supreme Court stated in *McGowan v. Goldberg*, 281 Ill. 547, at p. 549:

"Until the redemption money had been posted, Goldberg acquired no other right as a judgment creditor than to demand that his judgment, interest and costs should be paid."

In the case at bar the plaintiffs, purchasers at the foreclosure sale, tendered full payment on Feb-

ruary 15, 1946, prior to the date on which creditors would be authorized to redeem under the statute. At that time defendants had a right only to receive payment of the judgments they held, and the fact that they had a prospective future right to redeem the real estate in the event payment was not made, does not alter their position.

Mortgagees have a similar defeasible prospective right to acquire the mortgagor's land in default of payment, nevertheless they must accept payment when due, from one having an interest to be protected from foreclosure. There is no question but that in the instant case defendants would have forfeited their right to redeem had payment been tendered by the debtor mortgagor. The right of a purchaser at a master's sale to pay off the judgment creditor and thus prevent redemption has also been successively sustained by the Supreme Court of Illinois. *McGowan v. Goldberg*, 281 Ill. 547; *Sutherland v. Long*, 273 Ill. 309; *Smith v. Jackson*, 153 Ill. 399.

In *Sutherland v. Long*, 273 Ill. 309, 12 months after the foreclosure sale the judgment creditor deposited the redemption money with the sheriff, and a certificate of redemption was recorded. Thereafter, the holder of the master's certificate offered to pay the judgment and permit withdrawal of the redemption money, and this offer was accepted by the creditor. At the expiration of the 15 months, however, the master refused to issue a deed because the certificate of redemption had been recorded. In an action to compel the issuance of the deed, the court held that the holder of the certificate of purchase had the right in aid of his interest to pay off the judgment creditor even after redemption proceedings had been instituted. The court stated at p. 317:

"Before Scripps attempted to redeem, appellant (the holder of the certificate of purchase) had the right in aid of his interest to pay off the lien of the

coal company's judgment. There is no reason why he should not be permitted to do so with Scripps' consent after redemption proceedings had been instituted and before they culminated in sale."

Defendants contend that the foregoing decision is distinguishable on the ground that the judgment creditor therein consented to the payment, whereas in the instant case defendants have refused to accept payment of their judgment.

This contention is untenable, for it is apparent from the pronouncement of the law by the court that the consent of the creditor became a factor only after the creditor had commenced redemption proceedings. The court clearly states that prior thereto, the holders of the master's certificate had the right in aid of his interest to pay off the judgment.

The Supreme Court interpreted this opinion in precisely this way in the subsequent case of *McGowan v. Goldberg,* 281 Ill. 547, where the court reiterated the same principles and approved the earlier decision.

In the *McGowan* case, *supra,* the judgment creditor, after the 12 months had expired, redeemed the property and paid the redemption money to the sheriff. Subsequently the purchaser at the master's sale offered to pay the judgment, but the creditor refused to accept the money, and the purchaser thereupon commenced proceedings to compel the issuance of a master's deed, notwithstanding the redemption. The court denied relief on the ground that redemption had occurred before payment of the judgment was made or tendered.

In propounding the applicable rules of law, however, the court approved the interpretation urged by the plaintiffs in the instant case, in the statement at p. 549:

"Had the appellant here (the purchaser at the Master's sale) tendered Goldberg the amount of his judgment, interest, and costs before he posted the redemp-

tion money with the sheriff, the rule stated in *Sutherland v. Long* would apply. The right to pay off the lien in the aid of his interest no longer existed *after* Goldberg had posted the redemption money with the sheriff and appellant could *then* only extinguish the lien with the consent of Goldberg as was done in the *Sutherland* case.''

The unmistakable implication of this statement is that the consent of the judgment creditor is necessary only where tender of payment is made by the purchaser *after* redemption had been undertaken, whereas prior thereto, as in the instant case, the purchaser had a right to make payment irrespective of the creditor's consent.

This construction is further corroborated by the subsequent statements of the court in the same case, at p. 549:

''Until the redemption money had been posted, Goldberg acquired no other right as a judgment creditor than to demand that his judgment, interest and costs should be paid. Having posted the redemption money, and thus made a binding bid for the property when it should be sold, he acquired a right which could not be divested except with his consent. The chancellor properly held that appellant could not compel Goldberg to receive the amount of his judgment interest and costs *after he had posted the redemption money.*''

Confronted by the circumstances of the instant case the court in the *McGowan* case, would have undoubtedly compelled the defendant creditors to receive the amount of their judgments inasmuch as such tender had been made by the purchasers prior to the time when the redemption money was or could have been posted by the creditors.

Both parties have cited cases from other jurisdictions in support of their respective contentions, and inasmuch as these decisions are not binding upon this

court, it would serve no useful purpose to distinguish or comment further upon them.

This court is satisfied, moreover, that the purpose of the Illinois redemption statute will be accomplished by restraining defendants from redeeming the premises in the instant case. The avowed purpose of the redemption statute is to afford the judgment creditor a remedy to collect his judgment, and to provide a means by which the debtor's property shall go as far as possible toward the payment of his debts.

In the instant case the purchasers at the master's sale paid off all the judgments against the mortgagor, and tendered payment of the judgment held by the defendants herein, thereby fulfilling every purpose of the statute. All that the defendants are seeking is a speculative chance to acquire this property, and not the satisfaction of their judgment. They could have bid at the master's sale, and while they had a right to refrain from bidding, they have no absolute right to acquire the property by paying the amount of the redemption money plus costs, irrespective of a tender of payment of their judgment.

Permitting defendants to redeem would not only be in disregard of the equities, and in furtherance of land speculation, but would be contrary to the decisions of the Illinois Supreme Court.

Inasmuch as the order of the circuit court merely denied the motion to dismiss the complaint and to dissolve the temporary injunction, this cause must be remanded with directions that the injunction be made permanent; that judgment be entered in favor of the plaintiffs in accordance with the views expressed herein; and that costs be assessed to the defendants Homer Johnson, Frank Johnson, and Alice Johnson Foushee, and Forrest Walker and Beckham A. Dye. In all other respects the order of the circuit court should be affirmed.

*Judgment affirmed.*