JACK DAVIS, Plaintiff-Appellee, v. GRACE STRAMAGLIO *et al.*, Defendants-Appellants.

First District (2nd Division) No. 1—88—3469

Opinion filed February 5, 1991.—Rehearing denied March 6, 1991.

Irving Slutzky, of Slutzky & Slutzky, of Chicago (Sidney Z. Karasik, of counsel), for appellants.

David A. Novoselsky & Associates, of Chicago (David A. Novoselsky and Linda A. Bryceland, of counsel), for appellee.

PRESIDING JUSTICE SCARIANO delivered the opinion of the court:

Defendants appeal from the circuit court's award of summary judgment to plaintiff Jack Davis (Davis) in his suit to quiet title to certain realty which he purchased at a judicial sale. Defendant Grace Stramaglio, who obtained a deed to the property after Davis had been awarded the sale, and her husband, defendant Richard Stramaglio, contend that the sale at which Davis made his purchase was invalid and that, consequently, she is the owner of the property.

On October 16, 1969, the City of Chicago (City) filed a demolition lien against lots 27 and 28 of Robbins' subdivision of block 2, Chicago, and listed Daniel Salmen, Jr. (Salmen), among the defendants in its claim. In September of 1972, the City filed a complaint to foreclose on the lien, naming Salmen as the owner of the property. Salmen was personally served, but none of the defendants in the foreclosure case filed an appearance or an answer. On August 14, 1974, the trial court entered an order of default and decreed that the property be sold at a judicial sale. The City was the highest bidder for the property at the sale, and on January 20, 1975, after the sher-

iff filed his report of sale and distribution, an order was entered confirming the report. On July 16, 1975, the sheriff issued his deed to the City, but the property was erroneously described therein as lots 27 and 26, instead of lots 27 and 28. All other documents in these proceedings contained the correct description of the property.

On March 21, 1986, the City, citing that the sheriff's deed contained an incorrect legal description, filed a section 2—1401 petition (Ill. Rev. Stat. 1985, ch. 110, par. 2—1401) and sought to (1) vacate the sheriff's sale and the order confirming the sheriff's report of sale and distribution, (2) void the sheriff's deed, and (3) order the sheriff to conduct another sale. By order entered that same day, Judge George M. Marovich granted the City's section 2—1401 petition in its entirety. Accordingly, notice of the second sale of lots 27 and 28 was published in the Chicago Daily Law Bulletin on April 1, 8, and 15, 1986. Davis was the successful bidder at the May 1, 1986, sale of the property. On May 15, 1986, the sheriff filed his report of sale and distribution and Judge Marovich confirmed the report. On November 9, 1986, the sheriff issued his deed to Davis.

In an affidavit filed in Davis' suit to quiet title, defendant Grace Stramaglio alleged that in 1982 she leased from one Harold Fujimoto a portion of a garage building located on the property in dispute here. On December 5, 1986, Davis telephoned Stramaglio and informed her that he had purchased the property. Stramaglio immediately contacted her attorney, and after he conducted a title search on the property, she learned for the first time that Fujimoto had "no fee interest of record" in the property. Stramaglio further alleged that she bought Salmen's interest, and that Salmen, as the record owner of the property, issued her a quit claim deed, dated February 12, 1987. Finally, she alleged that because she had no notice of the section 2—1401 proceedings or those that followed, she could not protect her interest in the property.

On July 15, 1987, Davis filed his complaint to quiet title against defendants alleging that Salmen's quit claim deed gave Grace Stramaglio no interest in the property because his purchase terminated any interest that Salmen may have had. Defendants denied in their answer that Davis was the owner of the subject property; and on February 22, 1988, Grace Stramaglio filed a "counter-complaint to quiet title" in herself.

Both parties filed motions for summary judgment. Defendants argued that the City's section 2—1401 petition had been filed more than two years after the entry of a final order and that, therefore, the court had no jurisdiction to enter the order to vacate the sale to

the City. (Ill. Rev. Stat. 1985, ch. 110, par. 2—1401.) Defendants further alleged that inasmuch as the 1986 orders, the sheriff's sale and sheriff's deed were void, Salmen still had title to convey to Grace Stramaglio.

The trial court granted Davis summary judgment on November 1, 1988, holding that the order approving the sheriff's report of sale and distribution entered on January 20, 1975, was not final and would therefore not prevent the court from setting it aside and ordering another sale. The court also held that there was no evidence that the second sale failed to conform to the original judgment of foreclosure. Finally, the court held that the second sale cured the defects in the sheriff's first deed, and that the conveyance of the property in Davis' name and the recording of the sheriff's deed prior to the date on which Grace Stramaglio recorded hers established valid title in Davis.

Defendants reassert their claim here that under section 2—1401 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—1401), the court erroneously vacated the 1975 sale because the order pursuant to which the property was sold was a final one, and relief from final orders on the grounds listed in the statute must be sought within two years.

■■ An order confirming a sheriff's report of sale and distribution is a final one. (*Calumet Federal Savings & Loan Association v. Markman* (1964), 50 Ill. App. 2d 430, 438. See also *Bank of Ravenswood v. Maiorella* (1982), 104 Ill. App. 3d 1072, 1073.) Therefore, because the January 20, 1975, order approving the sale and distribution was a final one, and relief therefrom was not sought until more than 11 years later, the bringing of a section 2—1401 petition was inappropriate.

■ However, although a section 2—1401 proceeding may have been the incorrect method of correcting the sheriff's first deed, a "judgment may be sustained upon any ground warranted, regardless of whether it was relied on by the trial court and regardless of whether the reason given by the trial court was correct." (*Material Service Corp. v. Department of Revenue* (1983), 98 Ill. 2d 382, 387; *Estate of Johnson v. Condell Memorial Hospital* (1988), 119 Ill. 2d 496, 502.) Moreover, that a party seeks relief under an incorrect provision of law does not bar a court's granting judgment under the appropriate legal principle. *Board of Managers of Old Willow Falls Condominium Association v. Glenview State Bank* (1989), 193 Ill. App. 3d 1057, 1061; *Illinois Housing Development Authority v. Sjostrom & Sons, Inc.* (1982), 105 Ill. App. 3d 247, 253.

■■ ■ It is a hoary principle of the common law that a court retains inherent power to enforce its orders and decrees. (*Watson v. Reissig* (1860), 24 Ill. 282; *Mason v. Thomas* (1860), 24 Ill. 286; *Village of Gilberts v. Holiday Park Corp.* (1986), 150 Ill. App. 3d 932, 936, citing *Adam Martin Construction Co. v. Brandon Partnership* (1985), 135 Ill. App. 3d 324, 326, and *Cities Service Oil Co. v. Village of Oak Brook* (1980), 84 Ill. App. 3d 381, 384.) The error implicated here is that although legally bound to do so, the sheriff did not carry out the court's 1974 order which clearly and unmistakably decreed that he sell *lots 27 and 28*; instead, he sold lots *"27 and 26,"* an act which everyone concedes was an obvious typographical or clerical error. Nor does anyone contend that the sheriff had any authority or the discretion to disregard selling lot 28; much less did he have the legal authority to sell lot 26. Accordingly, we deem it inequitable to reward defendants, at an innocent plaintiff's expense, sheerly because of the sheriff's failure to faithfully execute a pure and simple ministerial duty, one which sheriffs have performed as officers of the court virtually since the beginnings of our equity jurisprudence. Here, it is abundantly clear that the March 21, 1986, order merely enforced the court's prior judgments of August 14, 1974, and January 20, 1975, and that, therefore, the court had jurisdiction to enter the 1986 order. *Village of Gilberts*, 150 Ill. App. 3d at 936-37.

■■ Moreover, no substantive rights of the defendants were affected by this procedure. (*Mason v. Thomas* (1860), 24 Ill. 286; *Adam Martin Construction Co.*, 135 Ill. App. 3d at 326.) Defendant Grace Stramaglio claims in her affidavit that the sale should be set aside because as a tenant in possession she was not notified of the petition "to vacate and set aside the Sheriff's sale of January 7, 1975, and to put the subject premises up for sale, nor did [she] receive[ ] any notice of any subsequent proceedings thereafter." However, the decree of foreclosure merely required of the sheriff:

> "[T]hat previous to sale he give public notice of the time, place and terms of said sale at least once a week in some secular newspaper of general circulation published in the City of Chicago, County of Cook, and State of Illinois, the first publication thereof to be at least twenty days prior to the date of said sale and that the Plaintiff or any of the parties to this cause may become the purchasers at such sale."

Defendants do not contest the validity of the foreclosure decree, nor do they contend that the sheriff failed to comply with the notification provisions contained therein. Because, as noted earlier, courts have inherent authority to enforce their own valid orders (*Village of Gil-*

*berts v. Holiday Park Corp.* (1986), 150 Ill. App. 3d 932, 936), the foreclosure decree remained a valid and subsisting order after the first sale and the order confirming the report of that sale were vacated, and after the defective deed was voided. Further, because the sheriff had not yet properly complied with the decree to sell lots 27 and 28, its notice provisions remained applicable to the second sale. Illinois law does not require personal notice of a judicial sale. (Ill. Rev. Stat. 1985, ch. 110, par. 12—115.) Thus, the defendants' claim that they were entitled to a different or more notice than that required by the foreclosure decree is without warrant.

 █ Moreover, Grace Stramaglio's claim to notice is exceedingly tenuous in light of the fact that there is nothing in the record to support her bald assertion that she was a tenant in possession. Although she alleges that she rented from Fujimoto, the record is barren of any indication as to what, if any, interest Fujimoto had in the property. In any event, assuming, *arguendo*, that Grace Stramaglio was a tenant in possession, "a defective or insufficient notice does not render the sale void, or even voidable, unless the purchaser had notice of the irregularity. [Citations.]" (*City of Chicago v. Central National Bank* (1985), 134 Ill. App. 3d 22, 28.) The Illinois Code of Civil Procedure is directly on point:

> "Penalty for neglect of officer. If any sheriff or other officer sells any real estate by virtue of any judgment, otherwise than in the manner provided by law or without such previous notice, the officer so offending shall, for every· such offense, forfeit and pay the sum of $50, to be recovered with costs of the action by the person whose property is sold.
>
> However, no such offense, nor any irregularity on the part of the sheriff, or other officer having the certified copy of the judgment for enforcement, shall affect the validity of any sale made under it, unless the purchaser had notice thereof." (Ill. Rev. Stat. 1989, ch. 110, par. 12—116.)

Defendants do not contend that Davis had any notice of any alleged defect in the proceedings relating to the second sale; hence, we conclude that the sale was valid under the statute. *McGowan v. Goldberg* (1917), 281 Ill. 547, 550-51; *Palmer v. Riddle* (1899), 180 Ill. 461, 464.

Finally, defendants allege that the sale of the property should be invalidated pursuant to *First Federal Savings & Loan Association v. Brown* (1979), 74 Ill. App. 3d 901. But there, defendant sought to have a foreclosure and deficiency *decree* vacated, not a judicial sale.

Because defendants do not contest the validity of the foreclosure proceeding itself, *Brown* is inapplicable here.

Accordingly, for all the foregoing reasons we affirm the judgment of the circuit court.

Affirmed.

HARTMAN and DiVITO, JJ., concur.