IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| 1880 SUPERFINE LANE CONDOMINIUM ASSOCIATION, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | C.A. No. N13J-04476 CEB |
| KENNETH MCCOLLISTER, | ) ) ) | |
| Defendant. | ) | |

Submitted: November 18, 2019
Decided: January 6, 2020

*On Plaintiff's Motion for Reconsideration of*
*Commissioner's Order and Confirmation of the Sheriff's Sale.*
**GRANTED.**

## ORDER

The Court is asked to review a ruling by a Superior Court Commissioner setting aside a sheriff's sale. After *de novo* review, the Court reverses the Commissioner's ruling.[1] The sale is confirmed.

---

[1] Although not raised by the parties, there is a fair issue whether the Commissioner's Order was "case dispositive" and thus subject to *de novo* review pursuant to Rule 132(a)(4) or "non-case dispositive" and therefore reviewable only for an abuse of discretion pursuant to D.R. Civ. P. Rule 132(a)(3). The Court concludes that a Commissioner's Order confirming or denying confirmation of a sheriff's sale is a case dispositive order and therefore the order is reviewed *de novo*. This is consistent with Judge Karsnitz' ruling on this issue in *Dept. of Finance of Sussex County v. Clark*, 2019 WL 4751524 (Del. Super. Ct. Sept. 30, 2019) *See also New Castle County v. Kostyshyn*, 2014 WL 1347745 (Del. Super. Ct. April 4, 2014) (denial of

1. Kenneth McCollister was in default of payment of the condo fees to 1800 Superfine Lane Condominium Association ("Superfine") Unit 35 ("Unit") for a long time. Superfine filed a lien on the Unit in 2013 due to the fees owed. Thereafter, McCollister filed personal bankruptcy. The matter was stayed for years while that issue worked its way through bankruptcy court. The property lien was not discharged in the bankruptcy. McCollister then transferred ownership of the unit to his wife, Beverly McCollister.

2. Finally, in 2019, Superfine elected to foreclose on its lien against the property. Acting *pro se*, Kenneth MCollister attempted to halt the auction, but his motion was filed too late and on April 9, 2019, the Unit was sold at sheriff's auction to One Pie Investments LLC as the winning bidder.

3. Thereafter, the motion to halt the foreclosure was converted, through counsel for Kenneth McCollister, into a motion to reject confirmation of the sheriff's sale. A Superior Court Commissioner decided the sale should not be confirmed, finding two errors in the sheriff's auction process: lack of notice to Beverly

motion to stay sheriff's sale is a final order) as well as the rulings in other states. *See Farmer's Bank v. Sponaugle*, 133 N.E.3d 470 (Ohio 2019) (confirmation of sheriff's sale is a final order); *Davis v. Stramaglio*, 568 N.E.2d 356, 358 (Ill. App. 1991) (same); *L.P.P. Mortg., Ltd. v. Hayse*, 987 P.3d 976, 981 (Kan. Ct. App. 2004) (same).

McCollister, the record deed holder, and incorrect amounts of the debt listed in the notice of sale.[2]

4.      Superior Court Civil Procedure Rule 69(g), governs notice of a sheriff's sale of real estate. The Rule requires that at least seven days before the sale, the plaintiff must send notice of the auction sale, via certified mail, return receipt requested to all interested parties, including tenants, and record owners.[3] The Rule further requires the notice shall be posted on the address of the property that is to be auctioned.  Finally, the Rule requires that interested parties be notified "at the last known available or reasonably ascertainable" address.

5.      While proof of *sending* notice is required, proof of *actual* notice is not. And why is that, one might ask?  The logical explanation is that actual notice, or proof thereof, could be thwarted by a debtor who simply refuses to open his mail, or avoids service of process, or moves away to avoid the pending eviction.  Debtors are often in denial and refusing to acknowledge realities is apparently baked into the Rule.  Thus, it is proof of notice sent that complies with the rule; not proof of notice received.

---

[2] Motion Transcript, D.I. 55.

[3] Super. Ct. Civ. R. 69(g).

6. Superfine produced copies of the notices of sale sent via certified mail, return receipt requested to occupant/tenant at 1880 Superfine Lane Apt 35, Kenneth McCollister at that address, Beverly McCollister (record owner) at 205 East 13th Street, TKT&T Real Estate Investing, LLC at West 22nd Street and a P.O. Box, 1800 Superfine Lane Condominium Association.[4] The notice further stated when the auction was to be held, and a contact to obtain an updated payoff amount.[5]

7. The Court is satisfied that certified mailings were sent to all interested parties of the sale, including the record address for Mrs. McCollister, any additional tenant/occupants at the residence, and a posting on the door of the residence.

8. Indeed, Beverly McCollister is not even before the Court arguing that she did *not* receive notice. This is thus not a case in which the debtor challenges the sale on grounds of no or defective notice to the debtor.[6] The Court has no reason to doubt that Beverly McCollister received notice. She is not before the Court to protest

---

[4] Aff. Of Robert J. Valihura, Jr. Esquire, D.I. 29 at Ex. A, B.

[5] *Id.*

[6] *See, e.g., Dept of Fin. of Sussex County v. Clark,* 2019 WL 4751524, at *4 (Del. Super. Ct. September 30, 2019) (debtor did not have proper notice before sale of the property occurred); *Tyler v. Dept. of Fin. Of Sussex County,* 2019 WL 259025 (Del. January 17, 2019) (notice of sale was reasonably calculated to apprise interested parties of the action). *See also Deutsche Bank Nat. Trust Co. v. Goldfelder,* 2014 WL 644442, at *3, (Del. February 14, 2014) (recognizing an objection to a sheriff's sale after the confirmation time has expired is untimely absent a finding *inter alia* lack of notice).

that she did not, and Superfine's paperwork indicates notice was properly sent to her pursuant to the rules established to effect notice.

9. Kenneth McCollister further faults the auction sale over the amount needed to satisfy the lien. Kenneth McCollister says the alleged lien of over $10,000 was reduced substantially before the auction, and the auction improperly inflated the amount needed to clear the lien.[7]

10. It is true that the Alias Praecipes issued stated a judgment debt of some $16,000 "together with accruing fees, assessments, interest at the contractual rate of five and 75/100 percent (5.75%), collection costs, attorney's fees and the Sheriff's costs incurred in connection with this levy and sale."[8] The problem with McCollister's argument is that Rule 69(g) has no requirement to identify the amount in controversy in the Notice of Sheriff's sale. Interested parties are invited to inquire of the plaintiff as to a lien payoff amount. This makes sense given the fluid nature of the amount owed. Superfine complied with the Rule.

11. Finally, even One Pie, the successful bidder at auction, does not claim prejudice in the amount shown in the Alias Praecipe. Its winning bid of $28,000 was in excess of even the inflated amount of the lien stated on the Praecipe. Having

---

[7] Def. Response to Plaintiff's Motion, D.I. 49.

[8] *Id.* at Ex. A.

found the debtors and all interested parties were properly sent notice and the price is immaterial to the notice requirements, the sheriff's sale will be confirmed.

**IT IS SO ORDERED**.

Judge Charles E. Butler