17 Ill.2d 120 (1959)
160 N.E.2d 777
THE PEOPLE ex rel. Charles F. Carpentier, Secretary of State, Appellee,
v.
CENTRAL AND SOUTHERN TRUCK LINES, INC., Appellant.
No. 35114.
Supreme Court of Illinois.
Opinion filed May 22, 1959.
Rehearing denied September 22, 1959.
*121 GOLDENHERSH & GOLDENHERSH, of East St. Louis, (DELMAR O. KOEBEL, of counsel,) for appellant.
LATHAM CASTLE, Attorney General, of Springfield, (WILLIAM C. WINES and BURTON BERKLEY, Assistant Attorneys General, of counsel,) for appellee.
Judgment affirmed.
Mr. JUSTICE BRISTOW delivered the opinion of the court:
Charles F. Carpentier, as Secretary of State of Illinois, recovered judgment in the circuit court of Sangamon County in favor of the State of Illinois in the amount of $20,850.29 plus interest for unreasonable and vexatious delay against the defendant-appellant trucking company for the unpaid balance allegedly due for 1952 license fees for 31 trucks.
Defendant admits liability in the amount of $5,932.43 for license fees due and owing on 9 trucks owned by it. The balance of the claim in the amount of $14,917.86 is *122 based on licenses issued for 22 trucks in the name of defendant in 1952, which trucks were permanently leased by defendant for a period of one year, but the trucks were not owned by defendant. Defendant contends that since it was not owner of the trucks in question it is not liable for the license fee on them. Since the State revenue is involved, defendant properly appeals directly to this court.
In 1951 the Illinois legislature amended the statute regulating licensing of motor trucks, effective January 1, 1952. (Ill. Rev. Stat. 1951, chap. 95 1/2, par. 9.) On November 20, 1951, the Secretary of State was enjoined from enforcing the amended statute and, pending final adjudication of that legislation, he issued licenses at the rates prescribed in the prior statute.
Defendant is an Illinois corporation engaged in interstate commerce as a contract carrier. In February, 1952, defendant applied for license plates on the 9 trucks it owned. As to the 22 trucks leased by it, defendant also executed applications for licenses for them and filed with each application a certificate of permanent leasing for one year executed by both lessor and lessee.
The litigation concerning validity of the 1951 amendatory act was not terminated until April 6, 1953. (Bode v. Barrett, 412 Ill. 204, 344 U.S. 583, 97 L.ed. 567.) Thereafter plaintiff demanded that defendant pay the balances claimed due on all 31 trucks. Defendant offered to pay that due on the 9 trucks owned by it but plaintiff insisted that the entire sum be paid. This litigation ensued.
Defendant's position is based in substance on the proposition that it is not liable for the license fees since it is not the owner of the vehicles within the definition of the term "owner" contained in the section of the act imposing the tax.
Section 9 of the Motor Vehicle Act requires that "owners" shall register vehicles and that "owners" shall pay certain prescribed fees. (Ill. Rev. Stat. 1951, chap. *123 95 1/2, par. 9.) Section I of the same Motor Vehicle Act (Ill. Rev. Stat. 1951, chap. 95 1/2, par. 1,) defines the term "owner" as a person who (a) holds legal title to a vehicle, (b) is purchasing the vehicle under a conditional sales contract, (c) has possession of the vehicle under a lease conferring a right to purchase, or (d) is a mortgagor with a right to possession.
Applying the definition to the facts in issue, it would seem that on the face of the situation the defendant does not fall within the definition of the term "owner."
However, vehicle registration fees are imposed and paid for the privilege of using the highways. (Bode v. Barrett, 412 Ill. 204.) Here the defendant not only applied for and received this privilege but spent the entire year of 1952 in the exercise and enjoyment of it. It was essential to the defendant's business that it have this privilege, for otherwise it could not have operated the trucks on Illinois highways without committing a misdemeanor, whether or not it owned the trucks involved.
There is no allegation or evidence that the Secretary of State demanded that defendant apply for license plates in its own name or even that defendant apply for license plates at all. The defendant could have obtained the plates in the name of the lessor or it could have insisted that lessor itself obtain them. It pursued neither of these courses. Instead, it voluntarily applied for license plates in its own name, without any protest or objection, signed the applications for them as owner of the vehicles, submitted sworn affidavits to the Secretary of State signed by both it and the lessor that the trucks were rented under a permanent one-year lease, and in fact used the vehicles as such lessee on the Illinois highways throughout the year. To deny the State's right of recovery would allow the defendant a special privilege of using the Illinois highways for a lesser charge than exacted of other vehicle owners of a similar classification. The defendant would not have had that *124 privilege if it had not represented itself as "owner" in its application. If the defendant had asserted the position it now takes when it applied for the licenses, this litigation would not have arisen.
The Utah case of Pacific Intermountain Express Co. v. State Tax Com. 108 Utah 478, 161 P.2d 359, relied upon by defendant very heavily to sustain its position, is distinguishable from the facts here in evidence. There a lessee of vehicles immediately brought suit for a declaratory judgment after leasing Federally owned vehicles. The enjoyment of the privilege granted for the full term of the license before denial of liability for the fees was not involved.
This case is likewise distinguishable from People ex rel. Carpentier v. Treloar Trucking Co. 13 Ill.2d 596, because of the absence here of any evidence or claim of duress or coercion on the part of the Secretary of State.
Defendant also complains that interest was allowed on the sum due as being withheld by an unreasonable and vexatious delay. (Ill. Rev. Stat. 1951, chap. 74, par. 2.) Clearly, the reasonable defense of a suit for payment of a debt does not constitute unreasonable and vexatious delay. Whether or not a person is entitled to interest on this ground depends upon the circumstances of each particular case. (Sammis v. Clark, 13 Ill. 544.) Defendant's contention could lead to either one of two equally absurd, unjust and unreasonable results: (1) a lessee of vehicles could use the highways of Illinois without it or the lessor being liable for the license fees, or (2) a lessor of vehicles could prevent his lessee from using the vehicles by not registering them.
We cannot escape the conclusion that the defendant's refusal to pay the sums claimed due, under the facts in the instant case, was not only unreasonable but vexatious, and motivated solely by a desire to postpone judgment day.
Judgment affirmed.