VIOLA C. DOLCE, Plaintiff-Appellee and Cross-Appellant, *v.* SARE J. DOLCE *et al.*, Defendants-Appellants and Cross-Appellees.—(MONARCH LIFE INSURANCE COMPANY *et al.*, Defendants.)

First District (3rd Division)   No. 80—2983

Opinion filed August 25, 1982.

Albert Novoselsky, of Chicago (David A. Novoselsky, of counsel), for appellants.

Morgan & Susman, of Chicago, for appellee.

JUSTICE McGILLICUDDY delivered the opinion of the court:

The plaintiff, Viola C. Dolce, filed a four-count amended complaint for fraud, an accounting, partition and the appointment of a receiver. The count for partition was dismissed by agreement, and the plaintiff's motion for summary judgment as to the fraud count was granted in the amount of $63,510.48 plus interest from the date of judgment against defendants Sare J. Dolce and Rosario Panzarella. The defendants appeal from that order.

On appeal, the defendants contend that the summary judgment was improper because the plaintiff's affidavit in support of her motion for summary judgment was inadequate and because material questions of fact existed. The plaintiff cross-appeals arguing that the trial court should have ordered the defendants to pay prejudgment interest.

According to the pleadings and affidavits filed in this case, the plaintiff's husband, Sare R. Dolce, at the time of his death on February 17, 1970, was an equal partner with the defendants, Sare J. Dolce and Rosario Panzarella (defendants), in the general partnerships known as Dolce Brothers and Dolce-Panzarella. Dolce-Panzarella, a nonoperating partnership, held title to certain real estate; and Dolce Brothers engaged in the wholesale produce business. The written partnership agreement for Dolce Brothers provided that upon the death of any of the partners, the surviving partners would continue operations and the deceased partner's estate would receive the full value of his partnership interest. Life insurance was to be used to provide all or a substantial part of the funds needed for that purpose.

The plaintiff's amended complaint alleged that on or about February 25, 1970, she and the defendants orally agreed to form a new Dolce Brothers partnership and that she agreed to invest her deceased husband's partnership interest in the former Dolce Brothers partnership into the new partnership. The plaintiff further alleged that the defendants intended to defraud her by misrepresenting the financial condition of Dolce Brothers to obtain her contribution to the new partnership and by refusing to provide her with financial information concerning the operations of Dolce Brothers.

After the defendants had been deposed, the plaintiff filed her motion for summary judgment on the fraud count of her amended com-

plaint and she alleged that the defendants had induced her to allow them to keep control over her deceased husband's partnership interest by representing to her that she would be made a general partner in the new partnership but that they refused to enter into a partnership agreement with her or to pay her the value of her husband's partnership interest. The plaintiff's motion further stated that during their depositions, both Sare J. Dolce and Panzarella said the plaintiff was not a partner of Dolce Brothers; Panzarella indicated that no distribution was made to the plaintiff because there was no money to distribute to her; and Sare J. Dolce stated that the proceeds from the insurance policies on the life of plaintiff's husband were paid to Sare J. Dolce and Rosario Panzarella and were reinvested in the business. The plaintiff's motion further stated that the partnership inventory filed during the probate of her husband's estate and sworn to by Sare J. Dolce indicated that the Dolce Brothers partnership had a net worth of $163,681.82 and that Sare R. Dolce's net interest in the partnership was $63,510.48. For purposes of the motion, the plaintiff thereupon assumed that she was not a partner of Dolce Brothers and she argued that she was therefore entitled to the sum of $63,510.48 plus interest from the date of her husband's death.

In support of her motion for summary judgment, the plaintiff filed an affidavit in which she stated that she was present at the depositions of Sare J. Dolce and Rosario Panzarella and that they were asked the questions and gave the answers set forth in her motion. She did not file transcripts of the depositions with the court.

In response to the plaintiff's pleadings, the defendants admitted the existence of the Dolce Brothers partnership agreement but denied the plaintiff's allegations of fraud and misrepresentation. In their objections and counteraffidavits to the plaintiff's motion for summary judgment, the defendants contended that material questions of fact existed as to the plaintiff's relationship with Dolce Brothers and the relationship of that partnership with Illinois Fresh-Pak Corporation, a corporation that they claimed Dolce Brothers had invested in and had become associated with. The defendants further contended that the partnership agreement did not create a duty to purchase the deceased partner's interest and that under that agreement the remaining partners could reinvest the insurance proceeds into the partnership. They denied that they induced the plaintiff to allow them to keep control over her husband's partnership interest and denied that she was to become a partner or had a right to become a partner in a new partnership. They further argued that in conformity with a certain joint venture agreement and the formation of the Illinois Fresh-Pak Corpo-

ration, the assets of Dolce Brothers set forth in the partnership inventory were the assets of Illinois Fresh-Pak.

The plaintiff's reply to the defendants' objections to her motion for summary judgment reiterated the provisions of the Dolce Brothers partnership agreement and the disclosures made in the partnership inventory. The plaintiff contended that there were no material questions of fact and that in accordance with the dictates of the partnership agreement she was entitled to summary judgment on the fraud count of her amended complaint.

After arguments were presented, the trial court granted the plaintiff's motion for summary judgment and entered judgment against the defendants in the amount of $63,510.48. Interest was ordered from the date of judgment.

The defendants first argue on appeal that the summary judgment for the plaintiff was improper due to technical errors in the form of the plaintiff's motion and affidavit. The plaintiff's motion referred to questions and answers that had been presented during the defendants' depositions but did not have transcripts of the depositions attached. In support of that motion, the plaintiff's affidavit stated that she was present during the taking of the defendants' depositions and that they gave the responses set forth in the motion. It is the defendants' position that the statements contained in the plaintiff's motion and affidavit were hearsay and not within the personal knowledge of the affiant as required by Supreme Court Rule 191(a) (73 Ill. 2d R. 191(a)). The defendants contend that transcripts of their depositions should have been attached to the plaintiff's motion for summary judgment.

■■ The sufficiency of an affidavit cannot be tested for the first time on appeal (*Fooden v. Board of Governors* (1971), 48 Ill. 2d 580, 272 N.E.2d 497, *cert. denied* (1972), 408 U.S. 943, 33 L. Ed. 2d 766, 92 S. Ct. 2847; *Santschi v. Gorter* (1978), 63 Ill. App. 3d 394, 379 N.E.2d 1383); and where no objection is made either by motion to strike or otherwise in the trial court, the objection is waived. (*Oak Trust & Savings Bank v. Annerino* (1978), 64 Ill. App. 3d 1030, 381 N.E.2d 1389.) In the case at bar, the defendants did not present a motion to strike the plaintiff's affidavit or motion for summary judgment at the trial level (see *Anderson v. Dorick* (1975), 28 Ill. App. 3d 225, 327 N.E.2d 541). The defendants filed counteraffidavits and objections wherein they disputed the plaintiff's factual statements and contended that material questions of fact existed. Thus, the defendants waived their procedural objections and we will not address that issue here.

The second issue raised on appeal is whether the plaintiff was en-

titled to summary judgment on the fraud count of her amended complaint.

A summary judgment is appropriate if the pleadings, depositions and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact (*e.g.*, *Wooding v. L & J Press Corp.* (1981), 99 Ill. App. 3d 382, 425 N.E.2d 1055) and that the moving party is entitled to a judgment or decree as a matter of law. (*E.g.*, *Montgomery Ward & Co. v. Wetzel* (1981), 98 Ill. App. 3d 243, 423 N.E.2d 1170; *Bezin v. Ginsburg* (1978), 59 Ill. App. 3d 429, 375 N.E.2d 468.) In ruling on a motion for summary judgment, the trial court must construe the pleadings, depositions and affidavits most strictly against the moving party and most liberally in favor of the opponent. *E.g.*, *Bougadis v. Langefeld* (1979), 69 Ill. App. 3d 1010, 387 N.E.2d 965; *Anderson v. Dorick*.

It is the defendants' position that the plaintiff was not entitled to summary judgment because she did not prove as a matter of law that she had been defrauded by them. The defendants also contend that numerous questions of material fact existed such as the powers and duties of the partners under the partnership agreement, the relationship of Dolce Brothers to Illinois Fresh-Pak Corporation and whether the Dolce Brothers partnership had assets subject to distribution at the time of the death of the plaintiff's husband.

■ In a cause of action based on fraud, the plaintiff must prove: that a misrepresentation of fact was made; that the misrepresentation was made for the purpose of influencing a party to act; that the misrepresentation was untrue; that the party making the misrepresentation knew or had reason to believe that the misrepresentation was untrue; that the person to whom the statement was made believed that statement and acted in reliance on it; and that the statement was material to the alleged fraud. (*National Republic Bank v. National Homes Construction Corp.* (1978), 63 Ill. App. 3d 920, 381 N.E.2d 15.) In the case at bar, the plaintiff alleged that the defendants had misrepresented the financial condition of Dolce Brothers and that she was fraudulently induced by the defendants to invest her husband's partnership interest and to let them control that interest. In her motion for summary judgment, the plaintiff cited to the defendants' deposition statements that she was never made a partner of Dolce Brothers and that she was never paid her husband's partnership interest because there was no money to distribute. To disprove the defendants' contentions, the plaintiff presented a copy of the partnership inventory sworn to and filed by defendant Dolce during the probate of her husband's estate. That inventory showed the net assets of

Dolce Brothers and stated that the total net value of the decedent's interest was $63,510.48.

■ It is clear from the partnership inventory that the Dolce Brothers partnership had assets that were subject to distribution at the time of the death of the plaintiff's husband. The inventory also set forth the true relationship between Dolce Brothers and Illinois Fresh-Pak Corporation by showing that the former had merely invested in the latter. Thus, despite the defendants' contentions, there were no material questions of fact regarding the relationship between the partnership and the corporation and the existence of partnership assets subject to distribution. It is further without question that the partnership agreement provided for the purchase of the deceased partner's interest and that life insurance policy proceeds were to be used for that purpose. The defendants did not remit the partnership interest to the plaintiff. Instead, they misrepresented the financial condition of the partnership to deter the plaintiff from obtaining her husband's interest and thereby retained control over the entire assets of the partnership. Therefore, we believe that the plaintiff was entitled to summary judgment and that no error occurred in this regard. See *Home Savings & Loan Association v. Samuel T. Isaac & Associates* (1981), 99 Ill. App. 3d 795, 425 N.E.2d 985.

The final issue raised in this appeal is whether the trial court erred in awarding interest on the judgment from the date of judgment only. The plaintiff contends that she is entitled to prejudgment interest from the date of her husband's death because the defendants unreasonably and vexatiously delayed payment to her of her husband's partnership interest. (See Ill. Rev. Stat. 1979, ch. 74, par. 2.) It is the plaintiff's contention that the partnership interest was due at the time of her husband's death, and in support of her argument the plaintiff cites *Scroggs v. Cunningham* (1876), 81 Ill. 110, wherein prejudgment interest on the judgment was awarded for breach of a partnership agreement that had required an accounting by a specified date.[1]

■ Whether payment of a sum due and owing is delayed by unreasonable and vexatious conduct depends upon the circumstances of each case. (*People ex rel. Carpentier v. Central & Southern Truck Lines, Inc.* (1959), 17 Ill. 2d 120, 160 N.E.2d 777.) We believe that the

---

[1]The plaintiff also argues on appeal that she is entitled to prejudgment interest because her claim against the defendants was liquidated and ascertainable on the date of her husband's death. We will not address this latter argument as it was not raised in the trial court. *Kespohl v. Northern Trust Co.* (1970), 131 Ill. App. 2d 188, 266 N.E.2d 371.

facts in *Scroggs* are distinguishable from the facts in the instant case because the partnership agreement in the case at bar did not provide a specified date upon which the partnership interest of a deceased partner had to be paid. It merely set forth methods for calculating the purchase price of the partnership interest and for the manner of the payment of the purchase price. Payment was not to occur until after insurance proceeds were collected and the legal representative of the decedent's estate was qualified. The partnership agreement further provided that if the insurance proceeds were less than the purchase price of the deceased partner's interest the partnership would pay the legal representative the insurance proceeds and the partnership would execute and deliver non-interest-bearing $1,000 notes for the balance due. The first note was to be payable six months after execution and the remainder of the notes were to be due at three-month intervals. As the plaintiff was not guaranteed complete payment of her husband's partnership interest on the date of his death, she thus was not entitled to prejudgment interest from that date.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

McNAMARA and RIZZI, JJ., concur.