JOSE A. MERCADO, Plaintiff-Appellee and Cross-Appellant, v. UNITED INVESTORS, INC., *et al.*, Defendants-Appellants and Cross-Appellees (George Sitelis, Defendant-Appellee).

First District (5th Division)   No. 85—293

Opinion filed June 6, 1986.

Alexander G. Poulakidas, of Chicago, for appellants.

John D. Brennan, of Chicago, for appellee.

JUSTICE MURRAY delivered the opinion of the court:

This case involves cross-appeals from orders of the trial courts in an action involving a sales contract. Plaintiff, Jose A. Mercado, filed a two-count complaint. In count I, he sought recovery of earnest money ($10,000) paid in connection with a March 1, 1983, real estate contract between plaintiff as buyer and defendant George Sitelis as seller. Defendants, United Investors, Inc. (United) and Alexis Giannoulias, the principal officer of United, were the brokers. In count II, plaintiff sought damages based on fraud allegations.

On March 5, 1984, the trial court, Judge Brian B. Duff presiding, granted plaintiff's motion for summary judgment against defendants United and Giannoulias as to count I, but denied it as to defendant Sitelis. On October 12, 1984, Judge Duff denied United's and Giannoulias' motion to reconsider the summary judgment.

At a trial without a jury before Judge Thomas J. Janczy, the court dismissed defendant Sitelis as to counts I and II at the close of plaintiff's case, but found for defendants United and Giannoulias at the end of the case as to count II after determining that there had been no fraud. Defendants United and Giannoulias appeal from Judge Janczy's January 22, 1985, order reaffirming summary judgment entered by Judge Duff. Plaintiff has filed a cross-appeal from the order granting a directed verdict to defendant Sitelis and from the order entering judgment in favor of defendants United and Giannoulias as to

count II and the denial of plaintiff's post-trial motion on the issues of prejudgment and post-judgment interest and attorney fees on February 1, 1985. Defendant Sitelis, the seller, is also named as an appellee.

Defendants United and Giannoulis contend that Judge Duff erroneously entered summary judgment in plaintiff's favor on count I and that judgment on count I should have been entered in their favor after trial of the controversy before Judge Janczy.

In his cross-appeal, plaintiff contends that the Judge Janczy erroneously dismissed defendant-seller, Sitelis, at the close of plaintiff's case. Plaintiff claims that the trial court erred in denying his claim for fraud and exemplary damages. He also contends that he is entitled to prejudgment interest, post-judgment interest from the date of Judge Duff's summary judgment order, attorney fees, and costs.

The contract involved in this dispute provided that defendant Sitelis would sell a laundromat to plaintiff for $165,000, and was signed by both parties on March 1, 1983. Plaintiff gave $10,000 earnest money to the broker, Giannoulias. Pursuant to a rider signed at the same time, Sitelis was to provide plaintiff with financial statements and income tax returns within 10 working days from the date of acceptance; otherwise the agreement would be null and void and earnest money was to be refunded in full to plaintiff. Additionally, plaintiff was to notify the broker within 10 working days from the date he received the books and records of his satisfaction. Absent such notice, the agreement was to be in full force and effect. Paragraph 12 of the contract provided that if the buyer defaulted, the earnest money would be forfeited and applied to the broker's commission.

Count I of plaintiff's amended verified complaint alleges that defendant Giannoulias provided plaintiff with the requisite financial statements on March 1, but failed to provide any tax returns. This was admitted to in the broker's answer. Plaintiff further states that after reviewing the financial statements, he sent a certified letter rejecting the contract to Giannoulias on March 10. This letter and the certified envelope, correctly addressed and postmarked March 10, were attached to the complaint. The envelope shows that the postal service attempted to deliver the letter and sent two notices to the addressee and that it was unclaimed and subsequently returned to plaintiff on April 1. Plaintiff further asserts that the letter counteroffered with the possibility of a future agreement if the broker would furnish two years' tax returns for the business. Defendant brokers deny receiving the letter. Defendant Giannoulias admitted giving the tax returns to plaintiff on April 5. The complaint also states that plaintiff personally delivered a letter on April 11 to the offices of defendant

brokers. When a secretary asked about the contents of the letter, plaintiff gave her a copy. After reading it, she refused to accept whereupon plaintiff left the letter on her desk. This April 11 letter requested a return of the earnest money since plaintiff was dissatisfied with the tax returns, high rent, and the amount of weekly business money. The brokers denied receiving the April 11 letter. On April 18, plaintiff received a letter from the brokers stating that "since we did not hear from you, this agreement shall be in full force and effect." Defendant Giannoulias then notified plaintiff that he (Giannoulias) was keeping the earnest money since plaintiff had defaulted under the contract.

Defendant Sitelis' (seller) answer to count I denied that he had entered into any negotiations prior to March 1, 1983, with either the brokers or plaintiff to sell his business. He did admit to signing the contract and rider and declared that he had insufficient information to respond to the remainder of plaintiff's complaint.

In his motion for summary judgment, plaintiff alleges that there is no contract since he as buyer decided not to buy and seller Sitelis decided not to sell. Plaintiff also asserts that the brokers breached the contract by not returning the earnest money. Defendant brokers' answer to the motion and also in their motion to reconsider the summary judgment put forth a defense that Sitelis had assigned his forfeiture rights to the brokers and that plaintiff breached the contract by not timely giving notice of his dissatisfaction with the tax returns. Two affidavits are attached to the brokers' answer. Defendant Giannoulias stated that both before and after April 11, plaintiff visited the laundromat many times and expressed satisfaction with the operation and income of the business. Giannoulias' affidavit also stated that plaintiff told the broker before April 11 that the money plaintiff had depended on for the down payment would not be forthcoming and that he had to bow out of the deal. Furthermore, Giannoulias sent an April 16 letter informing plaintiff that the closing date was set for April 29 and that on April 27 plaintiff came to the brokers' office and told Giannoulias that he would be ready to close once his attorney returned from vacation. Plaintiff never mentioned any dissatisfaction with the financial statements or income tax returns. In the second affidavit, the brokers' secretary, Demetra Vlahakis, states that plaintiff never served any written notice upon her on April 11, 1983.

Depositions of plaintiff and defendants Giannoulias and Sitelis were also taken. The seller (Sitelis) stated in his deposition that he believed that defendant Giannoulias was acting as plaintiff's broker. Sitelis also said that the 1982 tax return was not prepared by March 1

and that plaintiff had agreed to extend the 10-day notice period until after the 1982 return was given to him. In his deposition, Giannoulias asserted that he believed that he had a signed agreement to act as broker for Sitelis. Giannoulias' most frequent response to questions was that he did not remember. However, he did emphatically deny ever receiving a notice of dissatisfaction from plaintiff within the 10-day period provided for in the rider. A portion of plaintiff's deposition is not in the record. However, plaintiff does reiterate the statements alleged in his verified complaint asserting that he did give notice to the brokers after receiving the 1982 tax return.

In considering plaintiff's motion for summary judgment, Judge Duff had before him all pleadings, the aforementioned affidavits and depositions, the parties' briefs, and also heard oral arguments on the motion. Judge Duff entered summary judgment for plaintiff apparently on the basis that "there was no meeting of the minds" as the result of a condition subsequent contained in a rider to the contract, and thus, no contract existed.

Thereafter, the parties proceeded to a trial before Judge Janczy on the merits of count II, the fraud issue. At the close of the trial, defendants several times orally requested that the summary judgment order be vacated and asked for a reexamination of count I. Defendants argued that the pleadings plus the trial testimony showed that there was an issue of fact as to who breached the agreement. Judge Janczy determined that although Supreme Court Rule 304 (103 Ill. 2d R. 304) gave him jurisdiction to reconsider Judge Duff's order, that jurisdiction should be exercised very cautiously. Judge Janczy stated that he could reverse the summary judgment order only if error, in fact, had been committed and concluded that "I am not so convinced." He so ruled even though he had earlier stated "that a dispute actually existed here as to who breached the contract."

■ Supreme Court Rule 304(a) provides that in the absence of an express finding by the court that there is no just reason for delaying enforcement or appeal, "any judgment that adjudicates fewer than all the claims *** is subject to revision at any time before the entry of a judgment adjudicating all the claims, rights, and liabilities of all the parties." (103 Ill. 2d R. 304(a).) By its language, Judge Duff's summary judgment order was not final and appealable. The court in *Leopold v. Levin* (1970), 45 Ill. 2d 434, 259 N.E.2d 250, considered a similar situation wherein a second trial court vacated a summary judgment order, concerning only the issue of liability, which had been entered by a first trial court. The *Leopold* court held that a summary judgment that decided only a portion of the issues in the cause is "in-

terlocutory in character" and may be modified or vacated at any time before final judgment. 45 Ill. 2d 434, 446, 259 N.E.2d 250, 257.

This principle was reaffirmed in *Balciunas v. Duff* (1983), 94 Ill. 2d 176, 446 N.E.2d 242. The *Balciunas* court determined that the first judge's interlocutory order was not binding on the second judge and cited *Towns v. Yellow Cab Co.* (1978), 73 Ill. 2d 113, 382 N.E.2d 1217, noting that a second judge has the authority to correct orders that it considers to be erroneous. However, the *Balciunas* court cautioned that this power to change or modify a previous ruling should be used only if there is a change of circumstances or additional facts which warrant such action so as to circumvent the potential for judge shopping.

■ In the case before us, since the summary judgment order only affected count I and was not final and appealable, it, too, is interlocutory in character. Judge Janczy had the same material before him as did Judge Duff, plus trial testimony of the witnesses and parties. The record reveals that there was a factual dispute as to whether plaintiff gave timely notice of dissatisfaction to the broker. Giannoulias and his secretary testified that such notice was not given whereas plaintiff said that he did give notice and introduced into evidence a properly addressed certified letter which, it appears, the broker refused to claim. The trial testimony also indicates discrepancies as to the timing of plaintiff's visits to the laundromat and whether or not he expressed satisfaction to the broker after these visits. There are also testimonial inconsistencies as to whether Giannoulias was acting as broker for the buyer or the seller. The defendants, Giannoulias and Sitelis, seem to disagree on this issue as well as to the substance of a conversation which purportedly constituted an oral assignment of the seller's forfeiture rights to the broker. After listening to the obviously conflicting versions of these factual matters, Judge Janczy noted that there was an actual dispute as to who breached the contract. Under these circumstances, and in accordance with the case law cited above, the judge had authority to reopen the summary judgment after defendants' motion requesting such an action.

■■ ■ The extreme nature of a summary judgment remedy requires the court to exercise extraordinary diligence in its review of the record. (*Riley v. Singer* (1979), 75 Ill. App. 3d 1036, 394 N.E.2d 746.) A party's right to summary judgment must be clear and free from doubt. (*Lind v. Zekman* (1979), 77 Ill. App. 3d 432, 395 N.E.2d 964.) Summary judgment is appropriate where pleadings, depositions, and admissions on file, together with affidavits, construed most strongly against movant and most liberally in favor of the other party,

show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. *Schnabel v. County of Du Page* (1981), 101 Ill. App. 3d 553, 428 N.E.2d 671.

■ In the case at bar, the pleadings, depositions, and affidavits, construed most liberally for defendants, demonstrate that there was at least one fact issue set forth. Defendants deny ever receiving notice in accordance with the condition subsequent in the rider, in contradiction to plaintiff's assertions. This contradiction is material in determining whether there was a breach of contract. When the cause proceeded to trial on the fraud issue, additional issues of fact on the contract issue became apparent. Thus, the summary judgment was erroneously entered and, when defendants, after trial on the merits, requested the judge to vacate the summary judgment because of these questions of fact, he had jurisdiction to do so. Accordingly, we must reverse and remand with respect to count I.

In count II of the complaint, plaintiff alleged fraud on the part of United, Giannoulias, and Sitelis. The trial court, after a bench trial, dismissed plaintiff's cause as to Sitelis at the close of plaintiff's case, and found in favor of defendants Giannoulias and United on the fraud count.

Plaintiff, in his cross-appeal, asserts that the trial judge erred in denying his claim for fraud and exemplary damages predicated thereon. The trial court heard six witnesses on the fraud issue, including the parties. Plaintiff bases his charges of fraud on allegations and testimony that Giannoulias gave him (Mercado) copies of financial statements and a copy of a North Side Real Estate Board listing that misrepresented the gross annual receipts of the business.

Plaintiff and defendant Giannoulias testified that Giannoulias delivered the 1981 and 1982 tax returns to plaintiff. The returns showed a gross of only $52,382.61 in 1981 and $53,484.50 in 1982. Plaintiff also stated that Giannoulias gave him, along with the financial statements, a copy of a North Side Real Estate Board listing showing that the laundromat grossed between $75,000 and $105,000 yearly. Giannoulias denied ever seeing such a listing and further testified that no one from United had prepared it. Additionally, an employee of the real estate board testified that the listing was not registered with the board and that it was not made out properly.

■ ■ The evidence discloses that on two prior occasions, plaintiff paid earnest money to defendant Giannoulias to buy a laundromat and when his offer was refused, the earnest money was returned to plaintiff. In Illinois, in a cause of action based on fraud, a plaintiff must prove that a misrepresentation of fact was made, that the misrepre-

sentation was made for the purpose of influencing a party to act, that the misrepresentation was untrue, that the party making the misrepresentation knew or had reason to believe that the misrepresentation was untrue, that the person to whom the statement was made believed that statement and acted in reliance on it, and that the statement was material to the alleged fraud. (*Dolce v. Dolce* (1982), 108 Ill. App. 3d 817, 439 N.E.2d 1028.) Furthermore, fraud will not be presumed and must be proved by clear and convincing evidence. (*Hofmann v. Hofmann* (1983), 94 Ill. 2d 205, 446 N.E.2d 499.) And, we note that statements as to the value of property, particularly statements made by the seller, are often treated as mere expressions of opinion, and if so intended and understood, fraud may not be predicated thereon. *Scott v. Wilson* (1957), 15 Ill. App. 2d 456, 146 N.E.2d 397.

■ Based on these rather strict Illinois standards in fraud actions, this court must affirm the trial court's conclusion on count II in this case. Plaintiff is no unsophisticated novice. He has worked for the government in the Phillipine Islands for 16 years. In the United States, he worked for real estate firms. He was graduated from law school. At the time involved herein, he was an associate broker with a realty company. Giannoulias denied giving the real estate listing disclosing gross receipts of the laundromat to plaintiff. He also denied that anyone at United gave it to plaintiff or that anyone at United prepared it. The offer and contract made no representation as to gross receipts. It did provide that income tax forms and financial statements were to be provided within 10 days of the making of the contract. The letter sent to United and Giannoulias demanding a return of plaintiff's earnest money, which letter defendants deny receiving, does not indicate any reliance on a representation of gross receipts. The letter states the following reasons for plaintiff's dissatisfaction and his demand for the return of his earnest money: (1) tax return; (2) rent is too high; and (3) amount of money in a weekly business is questionable. And lastly, the record indicates that the reason plaintiff declined to go through with the contract was not based on any misrepresentation by the seller but, in fact, that he could not raise sufficient funds to close the deal.

Since the record fails to disclose any reliance by plaintiff on any false representations allegedly made by any of the defendants, the trial court properly found in favor of the defendants, United and Giannoulias, at the close of the evidence and properly dismissed defendant Sitelis.

For the reasons stated herein, we reverse and remand the con-

tract issue for a hearing on the merits. We affirm the trial court's decision as to the fraud count. Because of our decision in this matter, it is not now appropriate to address the issues of prejudgment and post-judgment interest and attorney fees.

Affirmed in part and reversed and remanded in part with directions.

SULLIVAN, P.J., and PINCHAM, J., concur.