THE VILLAGE OF GILBERTS, Plaintiff-Appellant, v. HOLIDAY PARK CORPORATION *et al.*, Defendants-Appellees.—HOLIDAY PARK CORPORATION, Plaintiff-Appellant, v. THE VILLAGE OF GILBERTS, Defendant-Appellee.

Second District   Nos. 2—84—0921, 2—85—0094, 2—85—0104 cons.

Opinion filed December 16, 1986.

934

Ronald O. Roeser, of Roeser, Vucha & Carbary, of Elgin, for appellant.

Robert M. Karton, Ltd., of Chicago, for appellees.

PRESIDING JUSTICE NASH delivered the opinion of the court:

This consolidated action is the result of litigation arising from the proposed development of a mobile-home park in the village of Gilberts (village), by the Holiday Park Corporation (Holiday Park). The village contends (1) an order enjoining the village from interfering with Holiday Park's development of the site is void, and (2) the circuit court erred in dismissing its complaint seeking to enjoin further development by Holiday Park. Holiday Park contends the trial court erred in finding the term "interfere" in the injunction order to be overbroad and in failing to hold the village in contempt for violating the terms of the injunction.

On February 17, 1978, Holiday Park filed an action seeking a declaratory judgment that the development site had been properly rezoned as an R-1 single-family residential district, with conditional use as a mobile-home park. On April 15, 1980, the court found the subject property was zoned as an R-1 district and ordered the village to issue all necessary permits to Holiday Park upon proper application by the corporation, including compliance with applicable subdivision ordinances.

On May 5, 1981, upon a request by Holiday Park for construction of various village ordinances, Judge John Krause held that Holiday Park's preliminary plan of development fulfilled the requirements of all applicable ordinances and statutes, except that Holiday Park had not yet obtained Illinois Environmental Protection Agency (IEPA) permits for water and sewage treatment. The court also considered a village ordinance relating to the size of mobile-home lots and held that a subdivision ordinance was inapplicable to Holiday Park's development. On August 4, 1981, the court reaffirmed its findings, again ordered the village to issue all necessary permits to Holiday Park, and enjoined the village from "preventing or in any way interfering" with construction of the site in accordance with the approved plan of development. The village presently appeals from the August 4, 1981, order.

On May 24, 1984, the village filed a complaint seeking to enjoin Holiday Park from further construction, alleging that a building per-

mit was required, the plan of development failed to meet sanitation requirements, and Holiday Park's planned construction of a retention lake, a water storage tower, and a sewage-treatment plant were not permitted uses in an R-1 district. On August 29, 1984, Judge Paul Schnake dismissed the village's complaint on grounds of *res judicata.* The village appeals from the dismissal of its complaint.

On July 23, 1984, Holiday Park filed a petition requesting the court hold the village in contempt for failure to obey the August 4, 1981, order. On January 7, 1985, Judge John Krause ruled the term "interfering" was overbroad and rendered the August 4, 1981, order unenforceable. Holiday Park appeals from that decision.

■ The village contends the August 4, 1981, order is void because (1) of lack of jurisdiction, (2) of vagueness, (3) the court's determination that a subdivision ordinance was inapplicable to Holiday Park's construction was not made in the decretal portion of its order, and (4) the court improperly awarded injunctive relief rather than a writ of *mandamus.* We first note that, although the village failed to appeal from the August 4, 1981, order within 30 days, or within 2 years, under section 2—1401(c) of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—1401(c)), a petition attacking a judgment as void may be brought at any time. (*In re Crouch* (1985), 131 Ill. App. 3d 694, 697, 476 N.E.2d 69, *appeal denied* (1985), 106 Ill. 2d 554; *Village of Franklin Park v. Ogilvie* (1982), 106 Ill. App. 3d 301, 303, 435 N.E.2d 1177; *Augsburg v. Frank's Car Wash, Inc.* (1982), 103 Ill. App. 3d 329, 332-33, 431 N.E.2d 58.) Accordingly, we will consider the village's appeal from the August 4, 1981, order.

■ The village first argues the court lacked jurisdiction to enter the August 4, 1981, order because more than 30 days had elapsed from its final order of April 15, 1980. Generally, a court loses jurisdiction to alter or set aside a final judgment after 30 days from its entry. (*Bundy v. Church League of America* (1984), 125 Ill. App. 3d 800, 806, 466 N.E.2d 681; *In re Marriage of Emerson* (1983), 115 Ill. App. 3d 712, 717, 450 N.E.2d 987, *appeal denied* (1983), 96 Ill. 2d 539; *Kelly v. Kelly* (1982), 105 Ill. App. 3d 136, 140, 434 N.E.2d 55, *appeal denied* (1982), 91 Ill. 2d 570.) However, a court retains inherent power to enforce its orders and decrees. *Adam Martin Construction Co. v. Brandon Partnership* (1985), 135 Ill. App. 3d 324, 326, 481 N.E.2d 962; *Cities Service Oil Co. v. Village of Oak Brook* (1980), 84 Ill. App. 3d 381, 384, 405 N.E.2d 379, *appeal denied* (1980), 81 Ill. 2d 590.

■ Here it is apparent that the August 4, 1981, order merely enforced the court's prior judgment of April 15, 1980, and therefore

the court had jurisdiction to enter the latter order. In its first order the court directed the village to issue all necessary permits to Holiday Park upon proper application by the corporation, including compliance with applicable subdivision ordinances. In its subsequent August 4, 1981, order, the court approved Holiday Park's plan of development, ruled that a subdivision ordinance was inapplicable, construed an ordinance relating to lot size, and enjoined the village from interfering with development of the mobile-home site. The latter order did not alter or set aside the April 15, 1980, judgment; it merely enforced it by determining which ordinances were applicable to Holiday Park's development. Accordingly, we find the court had jurisdiction to enter the August 4, 1981, order.

■ In any event, the village participated without objection in the proceedings that it presently argues were inconsistent with the April 15, 1980, order and thereby revested the court with jurisdiction. *People v. Kaeding* (1983), 98 Ill. 2d 237, 241, 456 N.E.2d 11; *Sears v. Sears* (1981), 85 Ill. 2d 253, 260, 422 N.E.2d 610; *In re Marriage of Savas* (1985), 139 Ill. App. 3d 68, 73, 486 N.E.2d 1318.

■ The village next argues that the August 4, 1981, order, which enjoined the village from "in any way interfering with the development of the subject property in accordance with the preliminary site plan," was void for vagueness. An injunction should be as definite and precise in its terms as possible to avoid any excuse or reason for misunderstanding or disobeying its terms. *In re Marriage of Grauer* (1985), 133 Ill. App. 3d 1019, 1026, 479 N.E.2d 982; *Streif v. Bovinette* (1980), 88 Ill. App. 3d 1079, 1084, 411 N.E.2d 341.

■ In cases considering the question, the Illinois courts have disapproved injunctions which inadequately define the specific rights to be protected or merely allude to general principles of conduct to be followed. In *Streif v. Bovinette* (1980), 88 Ill. App. 3d 1079, 1084-85, 411 N.E.2d 341, the court held that an injunctive phrase forbidding defendant from "annoying or harassing the plaintiff in any manner" lacked particularity and language enjoining a party from "interfering in any way with plaintiff's use and enjoyment of his property rights and his business operations" did not adequately define the rights to be preserved. Similarly, in *Illinois School Bus Co. v. South Suburban Safeway Lines, Inc.* (1971), 132 Ill. App. 2d 833, 839-41, 270 N.E.2d 200, *appeal denied* (1971), 47 Ill. 2d 590, an injunction restraining the defendant from transporting school children unless it complied with statutes was held to be vague. However, the courts have upheld an injunction prohibiting individuals from "interfering with *** plaintiff's employees in the performance of their duties." (*Illinois Power*

*Co. v. Latham* (1973), 15 Ill. App. 3d 156, 164-65, 303 N.E.2d 448.) And in a case presenting injunctive language similar to that questioned here, the court approved an injunction restraining individuals "from interfering with plaintiff from proceeding with the construction of the improvement" in accordance with approved plans. (*Dvorson v. City of Chicago* (1970), 119 Ill. App. 3d 357, 365-66, 256 N.E.2d 59.) Here, the court enjoined the village from interfering with Holiday Park's development of the land in accordance with an approved plan of development. In light of the cases upholding similar language, we cannot say the August 4, 1981, order inadequately defined the prohibited conduct or was so unclear or imprecise as to render it void for vagueness.

██ ■ Next, the village argues the court failed to include its finding that a subdivision ordinance was inapplicable in the decretal portion of its August 4, 1981, order and, therefore, the judgment is void as to that issue. We disagree. Although only the decretal portion of an order may operate effectively as a judgment (*Buchanan v. Lenz* (1983), 115 Ill. App. 3d 722, 726, 450 N.E.2d 1298, *cert. denied* (1984), 466 U.S. 905, 80 L. Ed. 2d 155, 104 S. Ct. 1680; *Stewart v. Stewart* (1975), 35 Ill. App. 3d 236, 239, 341 N.E.2d 136; *Green v. Green* (1974), 21 Ill. App. 3d 396, 402-03, 315 N.E.2d 324), a decree must be construed in its entirety and should include consideration of the entire record, prior pleadings, and former decrees concerning the same cause (*Baldi v. Chicago Title & Trust Co.* (1983), 113 Ill. App. 3d 29, 33, 446 N.E.2d 1205; *Comet Casualty Co. v. Schneider* (1981), 98 Ill. App. 3d 786, 789, 424 N.E.2d 911, *appeal denied* (1981), 85 Ill. 2d 577; *Osina v. City of Chicago* (1975), 28 Ill. App. 3d 955, 958, 329 N.E.2d 498, *appeal denied* (1975), 60 Ill. 2d 597). In its judgment of August 4, 1981, the court specifically reaffirmed its order entered May 5, 1981, in which it held that the subdivision ordinance was inapplicable to Holiday Park's plan of development. This effectively incorporated the prior decree in the August 4, 1981, order, and it therefore is not void as to that issue.

■ In its final challenge to the August 4, 1981, order, the village argues a writ of *mandamus* is the only proper method to compel the issuance of building permits and the court therefore erred in ordering the issuance by means of an injunction. This issue was not raised in the trial court and may not be raised for the first time on appeal. (*Western Casualty & Surety Co. v. Brochu* (1985), 105 Ill. 2d 486, 500, 475 N.E.2d 872; *Anderson v. Sutter* (1983), 119 Ill. App. 3d 1070, 1073, 458 N.E.2d 39; *Dolce v. Dolce* (1982), 108 Ill. App. 3d 817, 820, 439 N.E.2d 1028.) In any event, a writ of *mandamus* will

properly issue only where the plaintiff possesses a clear right to the relief sought. (*In re Claudia K.* (1982), 91 Ill. 2d 469, 476, 440 N.E.2d 78; *Schallau v. City of Northlake* (1979), 82 Ill. App. 3d 456, 467, 403 N.E.2d 266; *Long v. Elk Grove Village* (1978), 64 Ill. App. 3d 1006, 1008, 382 N.E.2d 79.) At the time Holiday Park filed its request for injunctive relief, it had not yet complied with all applicable ordinances nor had its plan of site development been approved. Thus, it did not yet possess a clear right to receive the building permits and the issuance of a writ of *mandamus* would have been improper. We find the court did not err in awarding injunctive relief rather than issuing a writ of *mandamus*.

▮▮▮ The village next contends the court erred in dismissing count I of its complaint, which sought to enjoin the excavation of a retention lake on the site for alleged violations of village ordinances. The village first argues that Holiday Park's motion to strike count I for failure to state a cause of action and to dismiss the count on grounds of *res judicata* improperly joined two separate and contradictory motions. A party may not combine pleadings which are likely to confuse the court due to their inherently contradictory nature. (*Janes v. First Federal Savings & Loan Association* (1974), 57 Ill. 2d 398, 405-06, 312 N.E.2d 605; *Premier Electrical Construction Co. v. La Salle National Bank* (1983), 115 Ill. App. 3d 638, 642, 450 N.E.2d 1360.) However, as this issue was not raised below it is considered waived on appeal. *Harris Trust & Savings Bank v. Duggan* (1983), 95 Ill. 2d 516, 526, 449 N.E.2d 69; *J. R. Sinnott Carpentry, Inc. v. Phillips* (1982), 110 Ill. App. 3d 632, 639, 443 N.E.2d 597.

▮▮▮▮ ▮ The village also argues the court erred in dismissing count I on grounds of *res judicata*. The doctrine of *res judicata* provides that a final judgment on the merits of a case is conclusive as to the rights of the parties and their privies and constitutes an absolute bar to a subsequent action involving the same claim, demand or cause of action. (*Spiller v. Continental Tube Co.* (1983), 95 Ill. 2d 423, 432, 447 N.E.2d 834; *Bailey v. Industrial Com.* (1985), 137 Ill. App. 3d 366, 371, 484 N.E.2d 376.) Where *res judicata* is established " 'as a bar against the prosecution of a second action between the same parties upon the same claim or demand *** it is conclusive not only as to every matter which was offered to sustain or defeat the claim or demand, but as to any other matter which might have been offered for that purpose.' " (*Housing Authority v. YMCA* (1984), 101 Ill. 2d 246, 251-52, 461 N.E.2d 959, quoting *Barry v. Commonwealth Edison Co.* (1940), 374 Ill. 473, 478, 29 N.E.2d 1014.) The courts have accordingly barred parties from bringing suit on issues that

could have been raised, but were not, in an earlier proceeding. See *Neuberg v. Michael Reese Hospital & Medical Center* (1983), 118 Ill. App. 3d 93, 99, 454 N.E.2d 684, *appeal denied* (1984), 96 Ill. 2d 568; *Redfern v. Sullivan* (1982), 111 Ill. App. 3d 372, 375, 444 N.E.2d 205; *Yaw v. Beeghly* (1982), 109 Ill. App. 3d 627, 632, 440 N.E.2d 1066.

On August 4, 1981, the circuit court considered the applicability of various ordinances to the development of the mobile-home site and concluded that Holiday Park's plan of development of the site met the requirements of all applicable ordinances and statutes. The village actively participated in the proceedings leading up to that decision, but did not raise the claimed ordinance violations it presently sets forth in count I of its complaint. We conclude the trial court did not err in finding that count I was barred under the doctrine of *res judicata*.

■ In its final claim of error, the village contends the court erred in dismissing count II of its complaint, which sought a declaratory judgment defining the rights and obligations of the parties under the court's prior orders of April 15, 1980, May 5, 1981, and August 4, 1981. However, the village was barred from requesting such relief from the court under section 2—1401(c) of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—1401(c)), which requires that petitions for relief from final orders be filed within two years after the entry of the order or judgment. Here, the village filed its complaint on May 24, 1984, more than two years after the final orders were entered, and the trial court did not err in dismissing it.

■ We also note the village may not challenge Holiday Park's failure to support its motions to dismiss with affidavits, as required by section 2—619(c) of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—619(c)), since it failed to raise this objection below and has waived the issue. *Shell Oil Co. v. Department of Revenue* (1983), 95 Ill. 2d 541, 550, 449 N.E.2d 65; *Board of Education v. Kusper* (1982), 92 Ill. 2d 333, 343, 442 N.E.2d 179.

We now address the issues raised by Holiday Park in its appeal. Holiday Park first contends the circuit court erred in ruling the August 4, 1981, order was unenforceable because the term "interfere" was overbroad. We have earlier found that the term is not so unclear or imprecise as to render the order void for vagueness and find that the determination of the trial court was erroneous and must be reversed.

■ Holiday Park next contends the court erred in failing to

hold the village in contempt of court because the village's conduct constituted a violation of the August 4, 1981, order enjoining it from "preventing or in any way interfering" with Holiday Park's development of the mobile-home site in accordance with the approved plan of development. A review of the facts in this case is necessary for resolution of this issue.

In August 1983, after issuance of the injunction, Holiday Park applied to the Northeastern Illinois Planning Commission (NIPC) for an amendment to the Illinois Water Quality Management Plan to allow construction of a sewage-treatment facility on the mobile-home site. The village objected to the request and proposed the parties construct a joint sewage-treatment facility. The NIPC urged the parties to enter discussions on a joint facility, and negotiations began in October 1983. Prior to the end of that month, the village entered into similar discussions with Kane County for a multimunicipality facility and refused to continue negotiations with Holiday Park.

On February 1, 1984, the NIPC disapproved Holiday Park's application, but stated it would recommend that the IEPA grant a permit for a facility jointly owned and operated by Holiday Park and the village if the multimunicipality plan between the village and Kane County failed to gain firm financial commitments from the participating municipalities within 120 days. The village subsequently adopted a plan for its own sewage-treatment facility, which would not include service to the mobile-home site.

The village filed its complaint seeking injunctive relief on May 24, 1984, and the court directed the parties to meet to discuss cooperation regarding construction of a joint sewage-treatment plant. The parties did so but, according to an affidavit submitted by Holiday Park's attorney, Howard Broecker, he was subsequently informed by Ronald Roeser, the village's attorney, that the village had appropriated $50,000 to halt development of the mobile-home site. On July 12, 1984, the village notified Holiday Park that it had received a more beneficial proposal for a joint sewage-treatment facility from the Elgin Sanitary District and therefore would no longer consider construction of a joint facility with Holiday Park. The proposed facility was admittedly similar to the multimunicipality plan the village had previously negotiated with Kane County.

In June 1984 the IEPA issued its notice of intent to grant a sewage-treatment permit to Holiday Park. The village filed numerous objections to the proposed issuance, but failed to present any evidence to support its objections at a public hearing on the matter. The village requested and received an additional 30 days to file a brief in

opposition to the sewage-treatment permit, but failed to ever file a brief. Also, in June 1984 Holiday Park submitted a detailed development plan to the village and requested it determine what building permits would be required for development of the mobile-home site. The village failed to respond to this request.

On July 23, 1984, Holiday Park filed a petition requesting the court to require the village to show cause why it should not be held in contempt. On December 3, 1984, after an evidentiary hearing, the court found that the village's objections to the IEPA proceedings had been made in bad faith and constituted interference with Holiday Park's development of the mobile-home site. Judge John Krause ordered the village to show cause why it should not be held in contempt.

At an evidentiary hearing of the rule to show cause held on January 7, 1985, the village conceded its prior objections to the IEPA permit in which it had alleged that Holiday Park was seeking a private gain at public expense and that issuance of the permit would prevent the village from obtaining grants to fund construction of its own facility were baseless. However, Judge Krause then determined the term "interfere" in his August 4, 1981, order was overbroad and dismissed the rule to show cause on that basis. In remarks supplementing his dismissal order, Judge Krause also noted that the conduct of the village in opposing Holiday Park by objecting to its proposals before the NIPC and the IEPA could not, on public policy grounds, be considered as a basis for finding the village in contempt for violation of the court's injunction order. He then entered an order dismissing the rule to show cause based on his finding that the term "interfere" was overbroad and stating "this order shall be and is supplemented by the remarks of the court this day as fully set forth herein."

Contempt of court is conduct calculated to hinder, embarrass, or obstruct the court in its administration of justice or to derogate from its authority or dignity or bring the administration of law into disrepute. (*Weglarz v. Bruck* (1984), 128 Ill. App. 3d 1, 7, 470 N.E.2d 21, *appeal denied* (1985), 101 Ill. 2d 593; *People v. Halprin* (1983), 119 Ill. App. 3d 922, 928, 457 N.E.2d 1010, *appeal denied* (1984), 99 Ill. 2d 531; *Cooper v. Rockford Newspapers, Inc.* (1977), 50 Ill. App. 3d 250, 255, 365 N.E.2d 746.) Contempt of court may be found where one violates the purpose of a court order, though not its express terms. (*People ex rel. Department of Transportation v. Fansler* (1982), 103 Ill. App. 3d 149, 151, 430 N.E.2d 741; *West Disinfecting Co. v. Koppelman* (1920), 216 Ill. App. 438, 456.) A trial court's find-

ing regarding civil contempt will not be disturbed unless it is against the manifest weight of the evidence or the record reflects an abuse of discretion. *In re Marriage of Logston* (1984), 103 Ill. 2d 266, 286-87, 469 N.E.2d 167; *In re Marriage of Harvey* (1985), 136 Ill. App. 3d 116, 118, 483 N.E.2d 397.

■■■ Although we agree that the village should not be restrained from good-faith access to the courts and boards of review, we disagree with the trial court's determination that this policy consideration necessarily precludes a finding of contempt based on the village's conduct. The court found in its December 3, 1984, order that the objections raised by the village at the board hearings were made in bad faith and constituted interference within the meaning of its August 4, 1981, order. Moreover, the record establishes that the village obstructed Holiday Park in its efforts to obtain an NIPC amendment and an IEPA permit for a sewage-treatment facility by representing that it was amenable to a joint facility owned and operated by the parties and then refusing to enter negotiations on such a facility with Holiday Park. The village also delayed development of the site by failing to review Holiday Park's plan of development.

Where, as here, the objections raised were made in bad faith and there is evidence of other obstructive behavior on the part of the village, the public policy consideration raised by the trial court does not preclude a finding that the manifest weight of the evidence established that the village did not meet the requirements of the rule to show cause. We conclude that the trial court erred in failing to find the village in contempt.

Accordingly, we affirm the circuit court's dismissal of the village's action and reverse its finding that the terms of the injunction were overbroad. We further reverse the order of the trial court dismissing the rule to show cause against the village and remand for entry of a judgment of contempt against the village and determination of appropriate sanctions.

Affirmed in part and reversed in part and remanded.

HOPF and UNVERZAGT, JJ., concur.